J-S66026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES NAUGHTON | |
| Appellant | No. 607 WDA 2015 |

Appeal from the Order Entered March 10, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0007535-2007

BEFORE:  OLSON, STABILE, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:          **FILED:  JANUARY 20, 2016**

Appellant, James Naughton, appeals *pro se* from the trial court's March 10, 2015 order dismissing his third petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

On March 15, 2008, Appellant entered a negotiated guilty plea to two counts each of involuntary deviate sexual intercourse, statutory sexual assault, aggravated indecent assault, unlawful contact with a minor, corruption of minors, and indecent assault.[1]  That same day, the trial court imposed a sentence of five to ten years of incarceration.  Appellant did not file post-sentence motions or a direct appeal.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1]  18 Pa.C.S.A. §§ 3123, 3122.1, 3125, 6318, 6301, and 3126 respectively.

Appellant filed a timely first PCRA petition on September 11, 2008 but later withdrew the petition. On January 5, 2012, Appellant filed a second PCRA petition. The PCRA court dismissed Appellant's second petition on April 19, 2012, and this Court dismissed the subsequent appeal for failure to file a brief. On October 7, 2014, Appellant filed the instant petition, styled as a petition for a writ of *habeas corpus*. The PCRA court treated Appellant's filing as a third, untimely PCRA petition and, after proper notice, dismissed it without a hearing on March 10, 2015. This timely appeal followed.

Before we address the merits of Appellant's arguments, we must consider the PCRA's jurisdictional timeliness provisions. Appellant acknowledges that his petition is facially untimely because he did not file it within one year of the date on which his judgment of sentence became final. **See** 42 Pa.C.S.A. § 9545(b). Appellant agues his petition qualifies for the timeliness exception set forth in § 9545(b)(1)(iii) because the United States Supreme Court announced a new constitutional right in **Alleyne v. United States**, 133 S. Ct. 2151 (2013). The **Alleyne** Court held: "Any fact that, by law, increases the minimum penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." **Id.** at 2155. On that basis, Appellant argues the five-year mandatory minimum of

his sentence[2] is illegal. He further argues that the United States Supreme Court's *Alleyne* opinion entitles him to avail himself of § 9545(b)(1)(iii).

We discern two fatal flaws in Appellant's argument. First, Appellant's judgment of sentence became final well before June 17, 2013, the date the United States Supreme Court decided *Alleyne*. In *Commonwealth v. Newman*, 99 A.3d 86, 90 (Pa. Super. 2014), we explained that *Alleyne* will apply to cases pending on direct appeal as of June 17, 2013. This Court's opinion in *Commonwealth v. Riggle*, 119 A.2d 1058 (Pa. Super. 2015), provided a detailed explanation of why *Alleyne* does not apply retroactively to cases pending on collateral review. *Id.* at 1066-68. Appellant cannot rely on *Alleyne* to overcome the PCRA's jurisdictional time bar.

Second, Appellant filed the instant petition more than one year after *Alleyne*. The PCRA statute required Appellant to file his petition "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). Appellant's petition, filed sixteen months after United States Supreme Court announced its decision in *Alleyne*, does not qualify. The PCRA court correctly determined that it lacked jurisdiction to entertain Appellant's petition.

Appellant also argues *habeas corpus* relief is available to him. We disagree. The PCRA provides: "The action established in this subchapter

---

[2] *See* 42 Pa.C.S.A. § 9718(a)(1).

shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, **including habeas corpus** and coram nobis." 42 Pa.C.S.A. § 9542 (emphasis added). Thus, where a petitioner's claim is cognizable under the PCRA, the petitioner must proceed thereunder. *Commonwealth v. Taylor*, 65 A.3d 462, 465-66 (Pa. Super. 2013). Likewise, a court must treat such a petition as a PCRA petition regardless of its title. *Id.*

This Court has held that *Alleyne* claims implicate the legality of a sentence and therefore are cognizable under the PCRA. *Newman*, *supra*.[3] Likewise, in *Riggle* the petitioner's *Alleyne* challenge to his mandatory five-year minimum sentence for IDSI was cognizable under the PCRA. Pursuant to § 9542, therefore, the PCRA court correctly treated Appellant's *habeas corpus* petition as one filed pursuant to the PCRA.

Appellant argues, based on Chief Justice Castille's concurring opinion in *Commonwealth v. Cunningham*, 81 A.3d 1, 11-18 (Pa. 2013) (Castille, C.J., concurring), that *habeas corpus* relief is available to him. In *Cunningham*, Chief Justice Castille addressed difficulties that may arise if the United States Supreme Court's opinion in *Miller v. Alabama*, 132 S. Ct.

---

[3] This issue is currently pending before our Supreme Court. *Commonwealth v. Washington*, \_\_\_\_ A.3d \_\_\_\_, 2015 WL 7763806 (Pa. December 2, 2015).

2455 (2012) is never held to apply retroactively. In **Miller**, the United States Supreme Court held that mandatory sentences of life imprisonment without parole for juvenile offenders violates the Eighth Amendment's proscription of cruel and unusual punishment. Addressing **Miller**, which as of now does not apply retroactively, Chief Justice Castille wrote: "[A] new federal rule, if sufficiently disruptive of state law—such as by requiring the state to treat identically situated defendants differently—may pose an issue of Pennsylvania constitutional law independent of the federal rule." **Cunningham**, 81 A.3d at 14 (Castille, C.J., concurring). The problem, in other words, is that juvenile offenders convicted of first-degree murder whose sentences were final prior to **Miller** will remain in prison for life without the possibility of parole while others convicted of the same offense will receive lesser punishments. Chief Justice Castille offered "tentative thoughts" on how to remedy this inequity. **Id.** at 14. One such thought was that "there is at least some basis for an argument that the claim is cognizable via a petition under Pennsylvania's *habeas corpus* statute[.]" **Id.** at 18. Chief Justice Castille wrote only for himself in offering these thoughts. At present, this Court remains bound by the case law set forth above. We therefore affirm the order dismissing Appellant's petition.

Order affirmed.

Judge Strassburger joins the memorandum.

Judge Olson concurs in the result.

- 5 -

Judgment Entered.

Joseph D. Seletyn, Esc.
Prothonotary


Date: <u>1/20/2016</u>