J-S42043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ANDRE MAURICE PACE | |
| Appellant | No. 1880 WDA 2015 |

Appeal from the Order October 19, 2015
in the Court of Common Pleas of Allegheny County Criminal Division
at No(s): CP-02-CR-0013214-1995
CP-02-CR-0013539-1995
GD 15-012141

BEFORE: SHOGAN, OTT, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          FILED: June 3, 2016

Appellant, Andre Maurice Pace, appeals *pro se* from the order entered in the Allegheny County Court of Common Pleas denying his "Petition for Writ of *Habeas Corpus Ad Subjiciendum*," which it denied as an untimely third petition pursuant to the Post Conviction Relief Act[1] ("PCRA"). Appellant contends (1) the PCRA court erred in dismissing his *habeas corpus* petition as an untimely PCRA petition; (2) the Commonwealth violated his due process rights; (3) the court erred in instructing the jury on first degree murder; and (4) the court did not have statutory authority to impose a sentence of life imprisonment. We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

On May 23, 1996, following a jury trial, Appellant was convicted of first degree murder, and two counts of carrying a firearm without a license. He was sentenced to life imprisonment without parole for the murder conviction, plus a consecutive term of five to ten years for the firearm counts.

On April 14, 1999, Appellant's PCRA petition was granted and his direct appeal rights reinstated *nunc pro tunc*. On May 4, 1999, he filed a notice of appeal. On February 23, 2000, his judgment of sentence was affirmed. ***Commonwealth v. Pace***, 750 WDA 1999 (unpublished memorandum) (Pa. Super. Feb. 23, 2000). On July 19, 2000, the Pennsylvania Supreme Court denied his petition for allowance of appeal. ***Commonwealth v. Pace***, 179 WAL 2000 (Pa. July 19, 2000). On December 11, 2000, Appellant filed his first PCRA petition. On October 10, 2002, the PCRA petition was denied. This Court affirmed the denial of the PCRA petition. ***Commonwealth v. Pace***, 1835 WDA 2002 (unpublished memorandum) (Pa. Super. Sept. 21, 2004). On November 22, 2005, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. Pace***, 889 A.2d 1215 (Pa. 2005). On January 18, 2006, Appellant filed his second PCRA petition. On May 18, 2007, the petition was dismissed.

On July 13, 2015, Appellant filed the instant petition for writ of *habeas corpus*. On October 19, 2015, the court dismissed the petition as his third untimely PCRA petition. This appeal followed. Appellant filed a court-

ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The PCRA court filed a Pa.R.A.P. 1925(a) opinion.

Appellant raises the following issues for our review:

> I. Did the Common Pleas Court erred [sic] in construing or dismissing [Appellant's] Writ of Habeas Corpus Ad Subjiciendum as a [PCRA] petition?
>
> II. Did the Commonwealth create a procedural due process of law violation by lodging the criminal charge of 18 Pa.C.S.A. § 2501 Criminal Homicide?
>
> III. Did the [c]ourt have statutory authorization to instruct the Jury on First Degree Murder where [Appellant's] trial was not deemed a capital case?
>
> IV. Did the [c]ourt have statutory authorization to impose a sentence of life imprisonment sua sponte?

Appellant's Brief at 8.

As a prefatory matter, we consider whether the PCRA court erred in considering Appellant's *habeas corpus* petition as a PCRA petition.

> It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. 42 Pa.C.S. § 9542 . . . . Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus*. Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. . . . Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*.

***Commonwealth v. Taylor***, 65 A.3d 462, 465-66 (Pa. Super. 2013) (some citations and footnote omitted). The issues raised in Appellant's *habeas corpus* petition are cognizable under the PCRA. Therefore, the PCRA court

did not err in considering his *habeas corpus* petition as a PCRA petition. ***See id.***

Before examining the merits of Appellant's claims, we also consider whether the PCRA court had jurisdiction to entertain the underlying PCRA petition. On appellate review of a PCRA ruling, "we determine whether the PCRA court's ruling is supported by the record and free of legal error." ***Commonwealth v. Marshall***, 947 A.2d 714, 719 (Pa. 2008) (citation omitted).

> We . . . turn to the time limits imposed by the PCRA, as they implicate our jurisdiction to address any and all of Appellant's claims. To be timely, a PCRA petition must be filed within one year of the date that the petitioner's judgment of sentence became final, unless the petition alleges and the petitioner proves one or more of the following statutory exceptions:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) **the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence**; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> 42 Pa.C.S. § 9545(b)(1).

We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies. In addition, a petition invoking any of the timeliness exceptions must be filed within 60 days of the date the claim first could have been presented. 42 Pa.C.S. § 9545(b)(2). A petitioner fails to satisfy the 60–day requirement of Section 9545(b) if he or she fails to explain why, with the exercise of due diligence, the claim could not have been filed earlier.

*Id.* at 719-20 (some citations omitted).[2]

Appellant's judgment of sentence became final on October 17, 2000, ninety days after the Pennsylvania Supreme Court denied his petition for allowance of appeal. *See* 42 Pa.C.S. § 9545(b)(3) (providing "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[ ]"); *accord* U. S. Sup. Ct. R. 13 (providing "[a] petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review"). Appellant thus generally had until October 17, 2001 to file his PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1) (providing PCRA petition, including second and subsequent petitions, must be filed within one year of date judgment

---

[2] We note that "[a] court may entertain a challenge to the legality of the sentence so long as the court has jurisdiction to hear the claim. In the PCRA context, jurisdiction is tied to the filing of a timely PCRA petition." *Commonwealth v. Fowler*, 930 A.2d 586, 592 (Pa. Super. 2007) (citation omitted).

becomes final). Appellant filed his third PCRA petition, in the form of a Petition for Writ of *Habeas Corpus*, on July 13, 2015. Therefore, it is patently untimely.

Appellant did not plead and prove any exception to the PCRA's timeliness requirement. **See Marshall**, 947 A.2d at 719-20. Thus, the PCRA court did not err in dismissing his PCRA petition as untimely. **See id.** at 719.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/3/2016