J-S48011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICHARD ALAN DELP, SR. | |
| Appellant | No. 1225 WDA 2015 |

Appeal from the PCRA Order July 27, 2015
In the Court of Common Pleas of Armstrong County
Criminal Division at No(s): CP-03-CR-0000105-1999
CP-03-CR-0000106-1999
CP-03-CR-0000107-1999
CP-03-CR-0000108-1999
CP-03-CR-0000712-1998

BEFORE:  BOWES, DUBOW AND MUSMANNO, JJ.

MEMORANDUM BY BOWES, J:                    **FILED JUNE 24, 2016**

Richard Alan Delp, Sr., appeals from the order entered July 27, 2015, dismissing his PCRA petition as untimely.  We affirm.

This Court previously summarized the relevant history.

In 2001, [Appellant] was convicted of [eight counts of involuntary sexual intercourse, four counts of aggravated indecent assault, four counts of indecent assault, two counts of terroristic threats, three counts of corruption of minors, and two counts of rape] and sentenced to 60 to 144 years of incarceration. This Court affirmed his judgment of sentence in March 2002 and the Pennsylvania Supreme court denied his petition for allowance of appeal in January 2004.

No further action occurred until June 2008, when [Appellant] filed a petition *pro se* with the trial court, in which he argued that the trial court erred in imposing his sentence because it

failed to merge certain offenses. Motion to Modify and Reduce Sentence, 6/19/08. Recognizing that this claim challenges the legality of [Appellant's] sentence, the trial court treated the filing as a PCRA petition and issued a Pa.R.Crim.P. 907 notice of intent to dismiss based upon its conclusion that the petition was untimely. [Appellant] filed a *pro se* response to the Rule 907 notice, claiming that his trial counsel failed to communicate with him and that he did not discover until May 2008 that his direct appeal efforts had concluded. On November 10, 2008, the trial court dismissed [Appellant's] petition. In the memorandum filed contemporaneously with the dismissal, the trial court explained that [Appellant's] petition was untimely, that "it is obvious that none of the exceptions [to the PCRA's timeliness requirements] is even remotely applicable," and that [Appellant] failed to "assert due diligence in discovering the denial of his appeals." Trial Court Opinion, 11/10/08, at 3; Addendum to Memorandum and Order, 11/10/08, at 1.

***Commonwealth v. Delp***, 108 A.3d 117 (Pa.Super. 2014) (unpublished memoranda at 1-2). We vacated the trial court's order denying Appellant's first petition and remanded the case for the appointment of PCRA counsel and the filing of a counseled petition. Counsel was appointed, and he filed an amended petition.

After conducting a hearing on the matter, the trial court again dismissed the PCRA petition as untimely on November 27, 2015. This timely appeal followed. Appellant presents one issue for our consideration.

> I. Where a Defendant's Court Appointed trial counsel abandons the defendant by way of failing to communicate with the defendant after sentencing such that the defendant has no knowledge regarding whether any appeals have been filed on his behalf or the status of any such appeals, and the lack of such knowledge causes the defendant to not know the time frame within which he must file a timely PCRA petition, did the PCRA court err in denying defendant's PCRA petition as untimely?

Appellant's brief at 7.

We note preliminarily that an untimely PCRA petition renders Pennsylvania courts without jurisdiction to afford relief. **Commonwealth v. Taylor**, 65 A.3d 462, 468 (Pa.Super. 2013). "The question of whether a petition is timely raises a question of law. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary." **Id**. (citations omitted).

The PCRA specifies that all PCRA petitions must be filed within one year of the date on which the judgment of sentence became final, unless one of the statutory exceptions set forth in 42 Pa.C.S. § 9545(b)(1) applies. The petitioner bears the burden to plead and prove that a statutory exception applies. If the petition is found to be untimely, and the petitioner has not pled and proven an exception, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition. **Commonwealth v. Jackson**, 30 A.3d 516, 519 (Pa.Super. 2011) (citation omitted).

Title 42 Pa.C.S. § 9545 (b)(1) and (2) provide:

(b) Time for filing petition. –

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States:
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1) and (2).

Instantly, Appellant's petition for allowance of appeal to the Pennsylvania Supreme Court was denied by order on January 22, 2004. Thus, his judgment of sentence became final on April 22, 2004, following the expiration of his ninety-day allowance to petition the United States Supreme Court for review. Appellant had until April 22, 2005 to file a timely PCRA petition. However, Appellant filed his PCRA petition on June 19, 2008, rendering his petition facially untimely unless he pleads and proves one of the three statutory exceptions detailed above. Appellant has not raised a claim of government interference or a newly recognized constitutional right,

but rather relies solely on the fact that Appellant was not told about the conclusion of his direct appeal by prior counsel.

Specifically, Appellant asserts that appellate counsel abandoned him by failing to communicate with him during the appeal process. Appellant's brief at 14. Relying on this Court's decision in **Commonwealth v. Bennett**, 930 A.2d 1264 (Pa. 2007), Appellant maintains that attorney abandonment constitutes a factual basis for the exception outlined in § 9545(b)(1)(ii). Appellant's brief at 13. Appellant acknowledges he became aware the status of his direct appeal through correspondence with the trial court received March 18, 2008. **Id**. at 14. Pursuant to Pa.C.S. § 9545(b)(2), Appellant had until May 19, 2008 to invoke this exception to the statutory timebar.[1] As he filed his PCRA petition on June 19, 2008,[2] he cannot satisfy the threshold requirement of § 9545(b)(2).

Thus, the PCRA court properly concluded that the petition was untimely.

Order affirmed.

_____

[1] We observe that since the sixty day time period enumerated in 42 Pa.C.S. § 9545(b)(2) following Appellant's discovery of prior counsel's actions falls on Saturday, May 17, 2008, Appellant had until Monday, May 19, 2008 to file his PCRA petition. **See** 1 Pa.C.S. § 1908.

[2] Appellant does not assert that the prisoner mailbox rule rendered this petition timely.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/24/2016