COMMONWEALTH of Pennsylvania, Appellee,

v.

Thomas Duane TAYLOR, Appellant.

Superior Court of Pennsylvania.

Submitted Jan. 28, 2013.

Filed April 19, 2013.

**464**

---

Thomas D. Taylor, appellant, pro se.

James B. Martin, District Attorney, Allentown, for Commonwealth, appellee.

BEFORE: STEVENS, P.J., BOWES, and FITZGERALD,* JJ.

OPINION BY BOWES, J.:

Thomas Duane Taylor appeals from the order entered December 14, 2011, denying his serial post-conviction writ of *habeas corpus,* which we treat as an untimely PCRA petition and affirm, albeit on different grounds than set forth below.

A jury found Appellant guilty of attempted homicide, aggravated assault, and persons not to possess a firearm, after he shot his girlfriend in the head with a .22 caliber rifle. The trial court sentenced Appellant to eighteen to thirty-six years imprisonment on September 26, 2005, on the attempted homicide charge. The court also imposed a concurrent sentence of one and one-half to three years for the persons not to possess a firearm conviction. Appellant filed a timely direct appeal and a panel of this Court affirmed. *Commonwealth v. Taylor,* 919 A.2d 977 (Pa.Super.2007) (unpublished memorandum). Our Supreme Court denied Appellant's petition for allowance of appeal. *Common-*

*wealth v. Taylor,* 593 Pa. 749, 931 A.2d 658 (2007).

While Appellant's direct appeal was pending, Appellant filed a writ of *habeas corpus.* The court treated the filing as a PCRA petition and appointed counsel. Counsel filed an amended petition, the court held a hearing and dismissed the petition. However, after the court discovered that Appellant's direct appeal was not complete, it promptly rescinded its order denying Appellant's PCRA petition. *See Commonwealth v. Leslie,* 757 A.2d 984 (Pa.Super.2000). Appellant, nonetheless, appealed. This Court affirmed the order rescinding the dismissal of Appellant's premature PCRA petition without prejudice to Appellant's ability to file a timely petition. *Commonwealth v. Taylor,* 959 A.2d 469 (Pa.Super.2008)(unpublished memorandum).

After the completion of Appellant's direct appeal, Appellant filed another *pro se* writ of *habeas corpus.* The court again treated the filing as a PCRA petition and appointed counsel, who submitted an amended petition. Following a hearing where no evidence was presented, the court dismissed the petition. Appellant appealed, and this Court affirmed. *Commonwealth v. Taylor,* 990 A.2d 55 (Pa.Super.2009)(unpublished memorandum). Thereafter, Appellant filed a series of post-conviction motions, which the court denied. No appeals were pursued on those filings. Instead, on December 7, 2011, Appellant filed the instant petition, again captioning it as a writ of *habeas corpus.* The court treated the *habeas corpus* motion as a motion to modify sentence under Pa. R.Crim.P. 720 rather than a PCRA petition. On December 14, 2011, the court dismissed the *habeas corpus* motion as an untimely post-sentence motion. This appeal ensued.

---

* Former Justice specially assigned to the Superior Court.

Appellant has failed to include within his brief a statement of the questions raised on appeal. Nonetheless, we have gleaned from the summary of argument and argument sections of his brief that he is asserting that the court sentenced him illegally. Specifically, Appellant contends that the pre-sentence report incorrectly indicated that he was convicted of attempted murder causing serious bodily injury when he was convicted of only the general crime of attempted murder. *See* 18 Pa.C.S. § 1102(c). Citing 18 Pa.C.S. § 1102(c), Appellant alleges that his sentence of eighteen to thirty-six years is therefore illegal. At the time of Appellant's conviction, the statute read: [1]

(c) **Attempt, solicitation and conspiracy to commit murder or murder of an unborn child.**—Notwithstanding section 1103(1) (relating to sentence of imprisonment for felony), a person who has been convicted of attempt, solicitation or conspiracy to commit murder or murder of an unborn child where serious bodily injury results may be sentenced to a term of imprisonment which shall be fixed by the court at not more than 40 years. Where serious bodily injury does not result, the person may be sentenced to a term of imprisonment which shall be fixed by the court at not more than 20 years.

■ Since a finding of serious bodily injury increases the maximum sentence, it is an element of the offense and must be proved beyond a reasonable doubt. *See generally Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The record reflects that the Commonwealth charged Appellant at count one of the criminal information with attempted homicide and, at count two, charged him with attempted homicide causing serious bodily injury. The jury verdict slip indicates that Appellant was convicted at count one of the criminal information, but not at count two, as the Commonwealth had withdrawn that charge before trial. Appellant also is correct that the pre-sentence report indicates Appellant was convicted of attempted homicide causing serious bodily injury. Thus, Appellant's sentence, if the jury did not determine he caused serious bodily injury, exceeded the statutory maximum of ten to twenty years.[2]

■ The Commonwealth contends that Appellant's filing was a PCRA petition and was untimely filed. It highlights that Appellant did not plead or prove that a timeliness exception applied. The Commonwealth correctly notes that although illegal sentencing issues cannot be waived, they still must be presented in a timely PCRA petition. *Commonwealth v. Fahy,* 558 Pa. 313, 737 A.2d 214 (1999). Since our Supreme Court and this Court construe the time-bar as jurisdictional, the Commonwealth maintains that the PCRA court lacked jurisdiction to decide the merits of Appellant's motion.

■ We agree that Appellant's writ of *habeas corpus* should be treated as a PCRA petition. It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. 42 Pa. C.S. § 9542; *Commonwealth v. Haun,* 613 Pa. 97, 32 A.3d 697 (2011). Unless the

---

1. 18 Pa.C.S. § 1102(c) has been amended since Appellant's conviction. The amendments are not relevant herein.

2. We add that the jury did find Appellant caused serious bodily injury to the victim as it found him guilty of aggravated assault. The court specifically instructed the jury that to find Appellant guilty of aggravated assault, it must find "that the defendant caused serious bodily injury to [the victim]." N.T., 8/2/05, at 134. *But see Commonwealth v. Johnson,* 910 A.2d 60 (Pa.Super.2006).

PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus. Fahy, supra* at 223–224; *Commonwealth v. Chester,* 557 Pa. 358, 733 A.2d 1242 (1999). Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. *See Commonwealth v. Peterkin,* 554 Pa. 547, 722 A.2d 638 (1998); *see also Commonwealth v. Deaner,* 779 A.2d 578 (Pa.Super.2001) (a collateral petition that raises an issue that the PCRA statute could remedy is to be considered a PCRA petition). Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus.*[3]

In *Commonwealth v. Fowler,* 930 A.2d 586 (Pa.Super.2007), the learned Judge, now Justice, McCaffery, collected cases and reiterated that all motions filed after a judgment of sentence is final are to be construed as PCRA petitions. *Id.* at 591 (citing *Commonwealth v. Johnson,* 803 A.2d 1291, 1293 (Pa.Super.2002)); *Commonwealth v. Evans,* 866 A.2d 442 (Pa.Super.2005); *Commonwealth v. Beck,* 848 A.2d 987, 989 (Pa.Super.2004); *Commonwealth v. Guthrie,* 749 A.2d 502, 503 (Pa.Super.2000). More recently, in *Commonwealth v. Jackson,* 30 A.3d 516 (Pa.Super.2011), this Court held that a defendant's motion to correct his illegal sentence was properly addressed as a PCRA petition, stating broadly, "any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." *Id.* at 521 (quoting *Johnson, supra* ).

We are, however, cognizant that in a one-page decision, a panel of this Court

recently opined that a trial court may elect to treat a motion challenging a defendant's sentence, filed after the time for seeking direct review or the conclusion of a direct appeal, as an untimely post-sentence motion and not a PCRA petition. *Commonwealth v. Glunt,* 2012 PA Super 269, 61 A.3d 228. The defendant in *Glunt* framed the question as an illegal sentence and entitled his motion as· a motion to vacate/correct illegal sentence. The *Glunt* panel referenced no case law in the body of the opinion and, insofar as it suggests a court may choose to treat a post-conviction sentencing motion as not falling within the strictures of the PCRA where the defendant's claim is that his sentence is illegal, it is contradicted by the numerous precedents mentioned *supra* and the language of the PCRA statute itself. *See* 42 Pa.C.S. § 9542.

In a footnote, the *Glunt* Court did reference *Commonwealth v. Wrecks,* 931 A.2d 717 (Pa.Super.2007), and stated that the defendant could have sought relief under the PCRA. *Id.* at *1 n. 2. However, both *Wrecks I* and *Commonwealth v. Wrecks,* 934 A.2d 1287 (Pa.Super.2007)("*Wrecks II* "), support the holding that any motion filed after the finality of a sentence that raises an issue that can be addressed under the PCRA is to be treated as a PCRA petition. *Wrecks I, supra* at 720 ("The content of the motion-just exactly what is pled and requested therein—is relevant to deciding whether to treat the motion as a collateral petition."); *Wrecks II, supra* at 1289 ("because Appellant's *pro se* filing does not request relief contemplated by the PCRA, the trial court was correct to treat Appellant's filing as a post-sentence motion and not a PCRA petition.").

---

3. The common law writ of *habeas corpus* has not been eliminated. In both *Commonwealth v. West,* 595 Pa. 483, 938 A.2d 1034 (2007) and *Commonwealth v. Judge,* 591 Pa. 126, 916 A.2d 511 (2007), our Supreme Court held that claims that fall outside the sphere of the PCRA can be advanced via a writ of *habeas corpus.*

The *Glunt* decision offered no explanation for its departure from long-standing precedent in declining to treat the motion as an untimely. PCRA petition, though in another footnote it indicated that the defendant's issue appeared to relate to the discretionary aspects of his sentence. Admittedly, in *Wrecks II*, a panel of this Court held that a bald discretionary sentencing claim is not cognizable under the PCRA statute and found an untimely post-sentence motion was not a PCRA petition.[4]

The *Wrecks II* Court appears to have disregarded that in *Commonwealth v. Evans*, 866 A.2d 442 (Pa.Super.2005), and *Commonwealth v. Guthrie*, 749 A.2d 502 (Pa.Super.2000), this Court indicated that the defendant's claims, though couched as illegal sentencing issues, raised bald discretionary sentencing challenges. In *Evans*, the Court set forth the issue raised by the defendant as "Whether the trial court erred in departing from the sentencing procedure mandated in Pa. Rules of Criminal Procedure 704(C)(2) by not stating, on the record, the reason(s) for its decision underlying the sentence imposed." *Evans, supra* at 442–443. This issue pertains to the discretionary aspects of sentencing. Similarly, in *Guthrie*, the Court stated, "Although Appellant couches his argument in terms of legality of sentence, it appears he is raising issues concerning the discretionary aspects of sentence." *Guthrie, supra* at 504. Both the *Evans* and *Guthrie* Courts, nonetheless, treated the post-sentence motions as PCRA petitions. We are

aware that in *Evans* and *Guthrie*, the defendants were proceeding on what would have been their first-time PCRA proceedings, entitling them to counsel if the motion were treated as a PCRA petition, whereas in *Glunt*, as here, the defendants had previously been denied PCRA relief.

However, neither *Glunt* nor *Wrecks II* applies herein because Appellant contends his sentence exceeds the statutory limit, which is undoubtedly cognizable under the PCRA. 42 Pa.C.S. § 9543(a)(2)(vii). As our Supreme Court has observed, "[t]he doctrine of *stare decisis* is not a vehicle for perpetuating error, but rather a legal concept which responds to the demands of justice and, thus, permits the orderly growth processes of the law to flourish[.]" *Cooper v. Schoffstall*, 588 Pa. 505, 905 A.2d 482, 493–494 (2006). In discussing *Zamsky v. Public Parking Authority of Pittsburgh*, 378 Pa. 38, 105 A.2d 335 (1954), the *Cooper* Court stated, "Given that there is little depth in *Zamsky's* treatment, we do not regard it as the type of decision that should greatly constrain future consideration and/or adjustment, particularly across the broader range of cases." *Id.* at 493.

Similarly, there is nothing in *Glunt's* "reasoning that provides an adequate basis for disagreement with the general proposition, recognized by most other courts," *id.* at 494, that an untimely post-sentence motion filed after finality of judgment is to be treated as a PCRA petition. Since Appel-

---

4. *Wrecks II* relied on *dicta* from *Commonwealth v. Friend*, 896 A.2d 607 (Pa.Super.2006), *abrogated on other grounds Commonwealth v. Pitts*, 603 Pa. 1, 981 A.2d 875 (2009), in discussing the cognizability of a bald discretionary sentencing claim. However, *Friend* relied on *Commonwealth v. Blackwell*, 436 Pa.Super. 294, 647 A.2d 915 (1994), a case in which the discretionary sentencing issue was set forth under the ineffectiveness rubric. *Blackwell's* rationale relating to the truth-determining process language of the PCRA statute and a discretionary sentencing ineffectiveness issue is no longer valid. *See Commonwealth ex rel. Dadario v. Goldberg*, 565 Pa. 280, 773 A.2d 126 (2001); *see also Commonwealth v. Scassera*, 965 A.2d 247 (Pa.Super.2009); *Commonwealth v. Jones*, 942 A.2d 903 (Pa.Super.2008); *Commonwealth v. Lawrence*, 960 A.2d 473 (Pa.Super.2008)(addressing discretionary sentencing issues under the ineffectiveness test).

lant's claim is that his sentence exceeded the statutory maximum allowable, the *habeas corpus* motion must be treated as a PCRA petition.

The filing mandates of the PCRA are jurisdictional in nature and are strictly construed. *Commonwealth v. Stokes,* 598 Pa. 574, 959 A.2d 306, 309 (2008). The question of whether a petition is timely raises a question of law. *See Commonwealth v. Fahy,* 598 Pa. 584, 959 A.2d 312, 316 (2008). Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary. *Commonwealth v. Colavita,* 606 Pa. 1, 993 A.2d 874, 886 (2010). An untimely petition renders this Court without jurisdiction to afford relief. *Commonwealth v. Gandy,* 38 A.3d 899 (Pa.Super.2012).

A petition for relief under the PCRA must be filed within one year of the date the PCRA petitioner's judgment of sentence becomes final unless the petitioner alleges and proves that an exception to the one-year time-bar is met. 42 Pa.C.S. § 9545. As Appellant did not allege below or in this appeal any exceptions to the time-bar of the PCRA statute, we hold that his petition was untimely filed. We acknowledge that, because the court below did not treat the *habeas corpus* motion as a PCRA petition, it did not give Appellant notice of intent to dismiss or afford Appellant the opportunity to amend the petition. *See* Pa.R.Crim.P. 907(1); Pa.R.Crim.P. 905(B). However, Appellant has not challenged those actions on appeal. The failure to challenge the absence of a Rule 907 notice constitutes waiver. *Commonwealth v. Boyd,* 923 A.2d 513, 514 n. 1 (Pa.Super.2007). Moreover, even if the issue is raised, where the petition is untimely, it does not automatically warrant reversal. *Commonwealth v. Pursell,* 561 Pa. 214, 749 A.2d 911, 917 n. 7 (2000).

Similarly, because Appellant does not contend that the PCRA court should have permitted him an opportunity to amend his petition, he has waived that potential issue. Additionally, we conclude that a court's decision to deny an untimely petition absent directing an amendment does not warrant reversal where the claim is record-based and our review indicates that the issue does not fall within a timeliness exception. Since the court below was without jurisdiction to reach the merits of the petition, we affirm.

Order affirmed.

Justice FITZGERALD Concurs in the Result.