J-S13042-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEVEN WAYNE BENDER | |
| Appellant | No. 1637 WDA 2014 |

Appeal from the PCRA Order entered October 7, 2014
In the Court of Common Pleas of Fayette County
Criminal Division at No: CP-26-CR-0000801-2000

BEFORE:  BENDER, P.J.E., MUNDY, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                 **FILED MARCH 17, 2015**

Steven Wayne Bender appeals from the dismissal of his sixth PCRA[1] petition as untimely.  We affirm.

On the night of May 13, 2000, Appellant killed his estranged wife's boyfriend by shooting him three times with a 12-gauge shotgun.  ***See Commonwealth v. Bender***, No. 1319 WDA 2001, unpublished memorandum, at 1-2 (filed Dec. 31, 2002).  Appellant was convicted of, among other crimes, second degree murder[2] and sentenced to life without parole followed by a term of years.  ***See id.***  Appellant thereafter unsuccessfully assailed his conviction

_____

[1] Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46.

[2] 18 Pa.C.S.A. § 2502(b).

in state[3] and federal[4] court. On August 28, 2014, Appellant filed the instant PCRA petition, his sixth. The PCRA court dismissed Appellant's the petition as untimely.

"The filing mandates of the PCRA are jurisdictional in nature and are strictly construed. The question of whether a petition is timely raises a question of law." *Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013) (internal citations omitted). Accordingly, "our standard of review is *de novo* and our scope of review plenary." *Id.*

The PCRA requires that all petitions be filed within one year of the date on which the judgment of sentence became final. 42 Pa.C.S.A. § 9545(b)(1) and (3). That date in this case is January 30, 2003, one year after

_____

[3] *See Commonwealth v. Bender*, 876 A.2d 459 (Pa. Super. 2005) (unpublished memorandum) (affirming denial of first PCRA petition); *Commonwealth v. Bender*, 964 A.2d 428 (Pa. Super. 2008) (unpublished memorandum) (affirming denial of second PCRA petition), *appeal denied*, 971 A.2d 488 (Pa. 2009); *Commonwealth v. Bender*, 22 A.3d 1054 (Pa. Super. 2010) (judgment order) (affirming denial of third PCRA petition); *Commonwealth v. Bender*, 47 A.3d 1233 (Pa. Super. 2012) (unpublished memorandum) (affirming denial of fourth PCRA petition); *Commonwealth v. Bender*, 53 A.3d 924 (Pa. Super. 2012) (unpublished memorandum) (affirming denial of motion for post-conviction DNA testing); *Commonwealth v. Bender*, 82 A.3d 455 (Pa. Super. 2013) (unpublished memorandum) (affirming denial of fifth PCRA petition).

[4] *Bender v. Wydner*, No. 05-998, 2006 WL 1788312 (W.D. Pa. June 28, 2006) (denying petition for writ of *habeas corpus*); *Bender v. Wydner*, No. 05-998, 2013 WL 3776746 (W.D. Pa. July 15, 2013) (denying motion for relief from judgment), *appeal dismissed*, No. 13-1174 (3d Cir. June 10, 2013), *cert. denied sub nom.*, *Bender v. Walsh*, 134 S. Ct. 2303 (2014).

Appellant's time to petition for allowance of appeal to our Supreme Court expired. Appellant's petition plainly does not meet the time bar.

Appellant attempts to invoke the "governmental interference" exception to the time bar, under which PCRA petitioners have 60 days to file a petition upon showing that "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States." 42 Pa.C.S.A. § 9545(b)(1)(i). According to Appellant, the form he utilized to file *pro se* his first PCRA petition (Department of Corrections Form DC-198 "Motion for Post Conviction Collateral Relief") did not include a statement of jurisdiction, which deprived the PCRA court of subject-matter jurisdiction. Appellant argues the defective form and the PCRA court's acceptance of it constituted governmental interference with his ability to file a first PCRA.

Appellant cites no pertinent authority supporting his convoluted argument. As the PCRA court recognized, Appellant's argument is "so lacking in merit to be frivolous." PCRA Court Opinion, 9/16/14, at 1. We agree. A PCRA petition does not need to include a "statement of jurisdiction." **See** Pa.R.Crim.P. 902(A). The presence or lack thereof has nothing to do with a PCRA court's subject-matter jurisdiction or the governmental-interference exception to the PCRA' time bar. Appellant's claim is indeed frivolous. His sixth PCRA petition is untimely, and the PCRA court properly dismissed it.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/17/2015