J-S57031-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SEMAJ HOWARD, | : | |
| | : | |
| Appellant | : | No. 16 WDA 2016 |

Appeal from the Judgment of Sentence December 3, 2015,
in the Court of Common Pleas of Allegheny County,
Criminal Division, at No(s): CP-02-CR-0001022-2015

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:   **FILED SEPTEMBER 08, 2016**

Semaj Howard (Appellant) appeals from the judgment of sentence imposed following his conviction by a jury of criminal attempt homicide and carrying a firearm without a license.  We affirm Appellant's convictions, vacate the judgment of sentence, and remand with instructions.

The charges in this matter stem from the shooting of Tertius Cooper on December 24, 2014.  The victim positively identified Appellant as the shooter and, as a result, Appellant was arrested and charged with, *inter alia*, the above-mentioned offenses.  On September 11, 2015, a jury convicted Appellant and, on December 3, 2015, the trial court sentenced Appellant at the criminal attempt charge to a term of seven to 14 years' incarceration, followed by a ten year term of probation.  No further penalty was imposed

_____
* Retired Senior Judge assigned to the Superior Court.

for the firearm offense.  This timely-filed appeal followed.  Both Appellant

and the trial court complied with the mandates of Pa.R.A.P. 1925.

Appellant raises two issues for our review, which we have renumbered

for ease of disposition.

> I. Did the trial court abuse its discretion when it allowed the Commonwealth to violate the sequestration order?
>
> II. Is [Appellant's] sentence totaling over 20 years of punishment illegal, as there was no specific and separate jury finding of serious bodily injury?

Appellant's Brief at 5 (unnecessary capitalization omitted).

In his first issue, Appellant argues that the trial court erred by allowing

the Commonwealth to violate the sequestration order in place during trial.

Appellant's Brief at 20-25.  Specifically, Appellant complains about the

following exchange, which occurred during the Commonwealth's direct

examination of Terrah Lee, the victim's paramour who was also an

eyewitness to the shooting.  Lee had been sequestered in the hallway prior

to testifying.

> [ASSISTANT DISTRICT ATTORNEY (ADA)]: Are you aware the defense is alleging that you shot Mr. Cooper?
>
> [DEFENSE COUNSEL]: Objection.
>
> THE COURT: What's the objection?
>
> [DEFENSE COUNSEL]: First of all, it is a leading question. Second of all, she couldn't have any awareness of it.
>
> THE COURT: Well, it is the truth.  I mean, that's the theory.  She can ask that, whether that's the theory. Overruled.

- 2 -

[LEE]: So you are saying he said I shot him?

[ADA]: Well, I am asking you, do you know that the defense is --

[LEE]: Who is defense? Him?

[ADA]: The defense attorney?

[LEE]: Okay.

[ADA]: And [Appellant] are the defense.

[LEE]: Okay, I'm sorry. I am confused.

[ADA]: Are you aware that there have been questions and statements regarding calling you the shooter?

[LEE]: No, I wasn't aware of that. Thanks for telling me, because I wasn't aware of that. That's all new to me.

N.T., 9/9-11/2015, at 196-97. The assistant district attorney then asked Lee if she shot Cooper. *Id.* Lee responded that she had not, but that "if [she] would have shot him, [she] would have shot him when he had a [protection from abuse order] on [her] in 2014." *Id.* at 197. Lee again identified Appellant as the man who shot the victim. *Id.* at 198.

Appellant argues that "allowing the Commonwealth to breach the sequestration order and inform a sequestered witness of information that came to light during her sequestration caused [Appellant] to suffer actual harm." Appellant's Brief at 24. This issue relates to the admission of evidence at trial and is governed by our well-settled standard of review:

> The admissibility of evidence is solely within the discretion of the trial court, and a trial court's evidentiary rulings will be reversed on appeal only upon abuse of discretion. An abuse of discretion

will not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous. Moreover, an erroneous ruling by a trial court on an evidentiary issue does not necessitate relief where the error was harmless beyond a reasonable doubt.

*Commonwealth v. Travaglia*, 28 A.3d 868, 873–74 (2011) (citation omitted).

Pennsylvania Rule of Evidence 615 provides that, with exceptions not relevant herein, "[a]t a party's request the court may order witnesses sequestered so that they cannot learn of other witnesses' testimony." Pa.R.E. 615. "The purpose of sequestration is to prevent a witness from molding his testimony with that presented by other witnesses." *Commonwealth v. Stevenson*, 894 A.2d 759, 767 (Pa. Super. 2006). As the *Comment* to Rule 615 notes, "The trial court has discretion in choosing a remedy for violation of a sequestration order. Remedies include ordering a mistrial, forbidding the testimony of the offending witness, or an instruction to the jury." *Comment* Pa.R.E. 615 (citations omitted).

Appellant argues that Lee benefitted and was able to change her testimony upon learning that the defense theory of the case was that she shot the victim. As the trial court points out, "the reason for the sequestration order is to deter suggestibility and to prevent one witness from tailoring his or her testimony to conform to, or avoid conflict with, that of another." Trial Court Opinion, 3/23/2016, at 4 (citation and quotation

- 4 -

marks omitted). We agree with the court's conclusion that, "what happened here does not even remotely involve interaction between witnesses and the sanctity of their testimony." *Id.* The question posed by the assistant district attorney divulged the defense's theory of the case, not the testimony of other witnesses.[1] Thus, contrary to Appellant's argument, the assistant district attorney's statement did not impermissibly allow Lee to mold her testimony to that of the witnesses who testified while she was sequestered. Accordingly, because the sequestration order was not compromised, the trial court did not err in overruling defense counsel's objection.

Relying on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and its progeny, Appellant next contends, and both the Commonwealth and the trial court agree, that his sentence is illegal because the jury did not determine that he caused the victim serious bodily injury. *Id*. at 18-20. We review Appellant's claim mindful that "[o]ur standard of review over such questions is *de novo* and our scope of review is plenary." *Commonwealth v. Akbar*, 91 A.3d 227, 238 (Pa. Super. 2014) (citations omitted).

In *Apprendi*, the United States Supreme Court determined that "any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." *Id.* at

---

[1] It is apparent from the record that the Commonwealth's reference to "statements and questions" regarding Lee's involvement in the shooting was limited to the opening of defense counsel, N.T., 9/9-11/2015, at 30-33, and the cross-examination of the victim, who specifically denied Lee's involvement. *Id.* at 146 ("Isn't it true that [] Lee is the person that shot you?" "No.").

490. With respect to the crime of criminal attempt homicide the Crime Code provides as follows.

* * *

> **(c) Attempt, solicitation and conspiracy.--**Notwithstanding section 1103(1) (relating to sentence of imprisonment for felony), a person who has been convicted of attempt, solicitation or conspiracy to commit murder, murder of an unborn child or murder of a law enforcement officer where serious bodily injury results may be sentenced to a term of imprisonment which shall be fixed by the court at not more than 40 years. Where serious bodily injury **does not** result, the person may be sentenced to a term of imprisonment which shall be fixed by the court at not more than 20 years.

18 Pa.C.S § 1102(c) (emphasis added).  This Court has held that, "[s]ince a finding of serious bodily injury increases the maximum sentence, it is an element of the offense and must be proved beyond a reasonable doubt," pursuant to **Apprendi**. **Commonwealth v. Taylor**, 65 A.3d 462, 465 (Pa. Super. 2013).

Here, neither the trial court's instructions nor the verdict slip indicated that the jury was to make a separate finding with regard to serious bodily injury, in violation of the rule set forth in **Apprendi**.  Accordingly, we find that Appellant's sentence, which exceeds the maximum allowable penalty under 18 Pa.C.S § 1102(c) by four years, must be vacated and this matter remanded for resentencing.

For the foregoing reasons, we affirm Appellant's conviction, but vacate his judgment of sentence and remand for resentencing consistent with 18 Pa.C.S § 1102(c).

Convictions affirmed. Judgment of sentence vacated. Case remanded with instructions. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/8/2016