J-S62035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHAZ PAGE | |
| Appellant | No. 204 MDA 2016 |

Appeal from the PCRA Order January 12, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0001623-2012

BEFORE:  GANTMAN, P.J., DUBOW, J., and JENKINS, J.

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED SEPTEMBER 16, 2016**

Appellant, Chaz Page, appeals from the order entered in the Dauphin County Court of Common Pleas, which denied his second petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  On June 18, 2013, Appellant pled guilty to attempted homicide, persons not to possess firearms, and possession of firearm by minor.  The trial court sentenced Appellant on August 26, 2013, to an aggregate term of 10-20 years' incarceration.  Appellant did not file a direct appeal.  Appellant filed his first PCRA petition on April 21, 2014, which was denied on July 14, 2014. This Court affirmed the denial of PCRA relief.  ***See Commonwealth v. Page***, No. 1443 MDA 2014, unpublished memorandum (Pa.Super. filed April 24, 2015).  Appellant filed the current *pro se* PCRA petition on June 5, 2015, challenging the legality of his sentence.  On July 27, 2015, the court issued

notice of its intent to dismiss the petition per Pa.R.Crim.P. 907. With leave of court, Appellant filed an amended petition on September 10, 2015. The court issued new Rule 907 notice on December 15, 2015. Appellant filed a *pro se* response on January 7, 2016. On January 12, 2016, the court dismissed Appellant's PCRA petition. Appellant timely filed a *pro se* notice of appeal on January 28, 2016. The court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied.[1]

The timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Hackett***, 598 Pa. 350, 956 A.2d 978 (2008). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking

---

[1] On February 18, 2016, Appellant *pro se* filed an application for relief with this Court, requesting a remand to the PCRA court for "adequate review" of his illegal sentencing challenge in light of ***Alleyne v. United States***, ___ U.S. ___, 133 S. Ct. 2151, 186 L.Ed.2d 314 (2013). Appellant filed another *pro se* application for relief with this Court on April 26, 2016, denying the PCRA court's assertion that it was not served with a copy of Appellant's notice of appeal per Pa.R.A.P. 906(a)(2), and requesting this Court to correct his "illegal sentence." Appellant filed a third application for relief with this Court on July 19, 2016, contesting various assertions in the Commonwealth's brief. Appellant's apparent failure to comply with Rule 906 does not implicate our jurisdiction, and the PCRA court ultimately addressed Appellant's claims in its Rule 1925(a) opinion. ***See*** Pa.R.A.P. 902 (stating failure of defendant to take any step other than timely filing of appeal does not affect validity of appeal). Due to our conclusion that this appeal is proper and our disposition that Appellant's current PCRA petition is untimely, we deny all of Appellant's applications for relief.

review. 42 Pa.C.S.A. § 9545(b)(3). The three statutory exceptions to the PCRA's timeliness provisions allow for limited circumstances under which the late filing of a petition will be excused. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). To invoke the "new facts" exception, the petitioner must plead and prove: "[T]he facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S.A. § 9545(b)(1)(ii). The "new constitutional right" exception requires the petitioner to plead and prove: "[T]he right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S.A. § 9545(b)(1)(iii).

Instantly, Appellant's judgment of sentence became final on September 25, 2013, upon expiration of the time to file a direct appeal with this Court. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Appellant filed the current PCRA petition on June 5, 2015. Thus, Appellant's petition is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). *See also Commonwealth v. Taylor*, 65 A.3d 462, 465 (Pa.Super. 2013) (stating issues regarding legality of sentence must be presented in timely PCRA petition). To the extent Appellant attempts to invoke the "new facts" exception, the *Alleyne* decision and its Pennsylvania progeny do not constitute "new facts" under Section 9545(b)(1)(ii). *See Commonwealth*

*v. Watts*, 611 Pa. 80, 23 A.3d 980 (2011) (stating judicial determinations are not "facts" within meaning of Section 9545(b)(1)(ii)). Moreover, the "new constitutional right" exception cannot benefit Appellant because the Pennsylvania Supreme Court declared that *Alleyne* does not apply retroactively for purposes of collateral review. *See Commonwealth v. Washington*, ___ A.3d ___, 2016 WL 3909088 (Pa. filed July 9, 2016). Therefore, the PCRA court properly dismissed Appellant's petition as time-barred.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/16/2016