J-S42040-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DETRICK S. DAWKINS, | : | |
| | : | |
| Appellant | : | No. 233 MDA 2018 |

Appeal from the PCRA Order January 8, 2018
in the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0004529-2012

BEFORE:    BOWES, MCLAUGHLIN, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED SEPTEMBER 05, 2018**

Detrick S. Dawkins (Appellant) appeals from the January 8, 2018 order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Upon review, we affirm in part and vacate in part.

The PCRA court provided a detailed factual and procedural history in its opinion dismissing Appellant's PCRA petition.  ***See*** PCRA Court Opinion, 1/8/2018, at 1 n.1.  Restated briefly, Appellant was charged with, *inter alia*, possession with intent to deliver (PWID) following two controlled buys of crack cocaine inside 316 Hummel Street.  Based on the controlled buys, a search warrant was executed for the residence at 316 Hummel Street. Within the residence, officers recovered, *inter alia*, crack cocaine, cash,

---

*Retired Senior Judge assigned to the Superior Court.

packaging paraphernalia, cutting agent, indicia for Appellant,[1] and five cell phones. Prior to trial, Appellant filed a motion to suppress the search of the residence. Following a hearing, the trial court denied the motion on January 15, 2014.

A second search warrant was obtained and executed on February 6, 2014, to search the seized cell phones. "One of the phones, a Samsung Galaxy, matched the phone number that the [confidential informant] called to make the drug buys. Photos recovered from th[at] cell phone depicted images of [Appellant]." PCRA Court Opinion, 1/8/2018, at 1 n.1. Appellant did not file a motion to suppress this evidence.

Appellant proceeded to a jury trial and was found guilty of PWID.[2] On September 9, 2014, Appellant was sentenced to a term of 27 to 54 months of incarceration. This Court affirmed Appellant's judgment of sentence. *See* ***Commonwealth v. Dawkins***, 151 A.3d 1136 (Pa. Super. 2016) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court.

On July 25, 2016, Appellant *pro se* timely filed a PCRA petition. The PCRA court appointed counsel, who filed a motion for evidentiary hearing on

---

[1] Several items recovered from the middle bedroom bore Appellant's name, including a luggage tag, receipt, mail, and a social security card.

[2] Appellant was found not guilty of persons not to possess a firearm, and the Commonwealth withdrew the remaining charges.

- 2 -

March 13, 2017. Appellant alleged, *inter alia*, ineffective assistance of appellate counsel for failing to file a petition for allowance of appeal, and ineffective assistance of trial counsel for failing to file a motion to suppress the search of the cell phones. A hearing was held on July 7, 2017, and post-hearing briefs were filed. On January 8, 2018, the PCRA court granted in part and denied in part Appellant's PCRA petition. The PCRA court granted Appellant's PCRA petition as to his ineffective assistance of appellate counsel claim by reinstating his right to file a petition for allowance of appeal. Simultaneously, the PCRA court ruled on and dismissed the remainder of Appellant's PCRA petition, including his ineffective assistance of trial counsel claim.

Appellant filed a petition for allowance of appeal with our Supreme Court on February 3, 2018, from this Court's decision affirming his judgment of sentence. On February 5, 2018, while the petition for allowance of appeal was pending, Appellant filed the instant notice of appeal from the PCRA court's order that denied the remainder of his PCRA claims.

Prior to addressing the merits of Appellant's claims on appeal, we first must determine whether this appeal is properly before us. **See Commonwealth v. Harris**, 114 A.3d 1, 6 (Pa. Super. 2015) (holding that "we may *sua sponte* consider whether we have jurisdiction to consider the merits of the claims presented" because "[w]hen a PCRA court lacks

jurisdiction to consider the merits of a petition, we likewise lack jurisdiction to consider an appeal from disposition of the petition").

In considering whether we have jurisdiction, we are guided by this Court's decision in **Harris**. In **Harris**, the PCRA court found that Harris was denied effective assistance of counsel on appeal, but also ruled on the remainder of Harris's PCRA claims, vacating his sentence and remanding for a new trial. The Commonwealth appealed, arguing that once the PCRA court found that Harris was denied effective assistance of appellate counsel, it should have reinstated Harris's appellate rights and, upon doing so, was without jurisdiction to address the remainder of Harris's PCRA claims. **Harris**, 114 A.3d at 3. We agreed with the Commonwealth. **Id.** at 3. In reaching this conclusion, we provided the following analysis.

> A PCRA court lacks jurisdiction to consider a PCRA petition when a petitioner's judgment is not final. **See Commonwealth v. Taylor**, 65 A.3d 462, 464 (Pa. Super. 2013) (citation omitted). Once the PCRA court granted [Harris] the right to seek further review *nunc pro tunc,* [his] sentence was no longer final and the PCRA court lacked jurisdiction to rule on [his] other requests for relief. **See Commonwealth v. Donaghy**, 33 A.3d 12, 14 n. 5 (Pa. Super. 2011)[]. Accordingly, until [Harris's] judgment of sentence becomes final in accordance with the procedural mechanisms recognized in 42 Pa.C.S.[] § 9545(b)(3), we lack jurisdiction to consider the merits of his remaining ineffective assistance of counsel claims.

**Id.** at 6 (some citations omitted).

Like Harris, the PCRA court found that Appellant was denied the effective assistance of appellate counsel. When the PCRA court reinstated

Appellant's right to file a petition for allowance of appeal, his sentence was no longer final. Thus, the PCRA court did not have jurisdiction to consider the merits of Appellant's remaining PCRA claims, and consequently, neither does this Court. *Id.* ("[W]e conclude that by determining [Harris] was entitled to *nunc pro tunc* relief, the PCRA court overstepped its bounds by substantively reaching the remaining ineffective assistance of counsel claims."); *see also Commonwealth v. Miller*, 868 A.2d 578, 580 (Pa. Super. 2005) ("Because the PCRA court granted [Miller] reinstatement of his appellate rights *nunc pro tunc,* its consideration of [Miller's] additional issue[s] did not result in a disposition [Miller] could appeal."). Accordingly, we affirm the PCRA order with respect to the reinstatement of Appellant's right to file a petition for allowance of appeal, and vacate the remainder of the PCRA court's order.[3]

---

[3] We note that during the pendency of this appeal our Supreme Court denied Appellant's petition for allowance of appeal. *See Commonwealth v. Dawkins*, 186 A.3d 945 (Pa. 2018) (denying relief on June 4, 2018). Thus, Appellant has until September 4, 2018, to seek review with the Supreme Court of the United States. 1 Pa.C.S. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation."). If Appellant fails to seek such review, his judgment of sentence will become final on that date, and he will have one year from that date, or until September 4, 2019, to file timely a PCRA petition seeking collateral relief, wherein he may re-raise the ineffective assistance of trial counsel claims he is unable to pursue currently. Because the PCRA court already held hearings on Appellant's remaining PCRA claims, it may use the already developed evidentiary record in a future
*(Footnote Continued Next Page)*

Order affirmed in part and vacated in part. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/05/2018

*(Footnote Continued)* ————————

PCRA proceeding, and may supplement the record as it sees fit. ***See Harris***, 114 A.3d at 6 n.4.