J-S33009-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| WESLEY MORGAN POLLARD, SR. | : | |
| | : | |
| Appellant | : | No. 1971 MDA 2018 |

Appeal from the PCRA Order Entered November 7, 2018
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0003717-2011

BEFORE:  LAZARUS, J., OTT, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:                    **FILED AUGUST 09, 2019**

Wesley Morgan Pollard, Sr., appeals from the order denying his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

In 1990, Pollard pled guilty to involuntary deviate sexual intercourse.[1] Pollard registered as a sex offender under Megan's Law III on June 30, 2007, which imposed a lifetime registration requirement.  On September 20, 2012, Pollard was sentenced to a term of ten to twenty years' incarceration after providing a false address of residency in violation of 18 Pa.C.S. § 4915(a)(3). On direct appeal, this Court affirmed Pollard's judgment of sentence on May 22, 2013.  ***Commonwealth v. Pollard***, 81 A.3d 1002 (Pa. Super. 2013). Pollard did not seek allowance of appeal in the Pennsylvania Supreme Court.

---

[1] 18 Pa.C.S. § 3123.

Pollard filed his first PCRA petition on May 15, 2014. The PCRA court denied this petition on November 6, 2014, and Pollard filed a timely notice of appeal on December 8, 2014. On January 28, 2016, this Court affirmed the PCRA court's order denying relief. *Commonwealth v. Pollard*, 136 A.3d 1039 (Pa. Super. 2016).

On July 31, 2018, Pollard filed a second PCRA petition, and on September 14, 2018, he filed a petition for writ of habeas corpus. On November 7, 2018, the PCRA court treated Pollard's petition for a writ of habeas corpus as subsumed within his PCRA petition, and the court denied relief. This timely appeal followed, in which Pollard raises the following issues for our review:

> 1. Whether the trial court committed reversible error when it held that [Pollard] had a remedy under the Post Conviction Relief Act and therefore, was ineligible for relief via a Petition for Writ of Habeas Corpus?
>
> 2. Whether the rule that convictions under Megan's Law III are null and void announced in *Commonwealth v. Derhammer* [173 A.3d 723 (Pa. 2017),] is a substantive rule that should apply retroactively in the context of the Post Conviction Relief Act?

Appellant's Brief, at 4.

Generally, a petition for PCRA relief, including a second or subsequent petition, must be filed within one year of the date the judgment is final, *see* 42 Pa.C.S.A. § 9545(b)(3), unless one of the exceptions in section 9545(b)(1)(i)-(iii) applies and the petition is filed within one year of the date

- 2 -

the claim could have been presented.[2]  A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."  42 Pa.C.S. 9545(b)(3).

Here, Pollard's judgment of sentence became final on June 21, 2013, at the expiration of time for seeking further review by our Supreme Court.  *See* Pa.R.A.P. 1113.  Pollard, therefore, had until June 21, 2014 to file any and all timely petitions under the PCRA.  The instant petition, filed in 2018, is patently untimely.

In his first claim, Pollard argues the PCRA court erred in treating his petition for writ of habeas corpus as a PCRA petition.  Pollard attempts to circumvent the PCRA time-bar by labeling his petition a writ of habeas corpus. An issue that is cognizable under the PCRA must be raised in a timely PCRA petition and may not be mislabeled in an attempt to circumvent the PCRA's timeliness requirements.  *See Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa. Super. 2013).  Despite Pollard's attempt to label his request for relief as a petition for a writ of habeas corpus, relief was available under the PCRA and, therefore, his claim is subsumed by the PCRA and subject to the one-year

---

[2] Section 9545(b)(2) was amended on October 24, 2018, effective in 60 days (Dec. 24, 2018), extending the time for filing from sixty (60) days of the date the claim could have been presented, to one year. The amendment applies to claims arising on December 24, 2017, or thereafter. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 3. Here, the one-year time limit applies to Pollard's petition, as he filed his petition on July 31, 2018.

time period. 42 Pa.C.S. § 9541(b). *See Taylor*, *supra* at 466 (unless PCRA does not provide potential remedy, PCRA subsumes writ of habeas corpus). In other words, "a defendant cannot escape the PCRA time-bar by filing his petition or motion as a writ of habeas corpus." *Id.* Pollard's first issue, therefore, is meritless.

Next, Pollard argues that the rule announced in *Derhammer* is a substantive rule that should apply retroactively in the context of his PCRA petition. Appellant's Brief, at 8. In *Derhammer*, our Supreme Court held a defendant could not be prosecuted for violating the registration requirement of Megan's Law III because, at the time of defendant's trial, Megan's Law III had been declared unconstitutional. *Derhammer*, 173 A.3d at 729-30. However, because Pollard's PCRA petition is untimely, he must demonstrate that the United States Supreme Court or the Pennsylvania Supreme Court has held that the rule in *Derhammer* applies retroactively in order to satisfy section 9545(b)(1)(iii). He has not. Because at this time no such holding has been issued, Pollard cannot rely on *Derhammer* to meet the timeliness exception. *See Commonwealth v. Abdul-Salaam*, 812 A.2d 497, 501 (Pa. 2002).

The time limitations of the PCRA implicate this Court's jurisdiction and may not be altered or disregarded in order to address the underlying merits of a claim. 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Pollard filed his petition more than one year after his judgment of sentence became final and he has failed

to establish an exception to the PCRA's timeliness requirements.   Therefore, the PCRA court lacked jurisdiction to address the merits of Pollard's claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/9/2019