J-S02009-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRUCE WILLIAMS, JR. | : | |
| | : | |
| Appellant | : | No. 1123 MDA 2019 |

Appeal from the PCRA Order Entered June 12, 2019
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0000390-2012

BEFORE:  BENDER, P.J.E., KING, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED MARCH 24, 2020**

Bruce Williams, Jr., appeals from the post-conviction court's June 12, 2019 order denying his timely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Appellant raises two claims of ineffective assistance of counsel.  We affirm.

Briefly, Appellant was convicted of third-degree murder and carrying a firearm without a license based on evidence that he shot Jesse Heverling on November 10, 2011, following an altercation at a crack house in York, Pennsylvania.  Appellant was 17 years old at the time of the shooting, but was charged and tried as an adult.  His jury trial commenced in August of 2013. At the close thereof, Appellant was convicted of the above-stated charges.  He was sentenced on December 19, 2013, to a term of 17 to 40 years' incarceration for his murder conviction, and a consecutive term of 3 to 6 years'

incarceration for the firearms charge. He filed a timely post-sentence motion challenging his sentence. The trial court denied that motion after a hearing.

Appellant then filed an untimely direct appeal, which this Court quashed. However, his direct appeal rights were reinstated after he filed a PCRA petition. In Appellant's *nunc pro tunc* appeal, he contended, *inter alia*, that the jury's verdict was against the weight of the evidence. Although Appellant had raised this claim in his Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and the trial court addressed it in its Rule 1925(a) opinion, this Court deemed the claim waived because Appellant had failed to raise it at sentencing, in his post-sentence motion, or during the hearing on that motion. ***See Commonwealth v. Williams***, No. 1036 MDA 2015, unpublished memorandum at 3 (Pa. Super. filed March 23, 2016). Accordingly, we affirmed Appellant's judgment of sentence. He did not file a petition for allowance of appeal.

Appellant thereafter filed a PCRA petition alleging, *inter alia*, that his counsel acted ineffectively by not seeking an appeal with our Supreme Court. The PCRA court appointed counsel for Appellant and ultimately granted that aspect of his petition, permitting Appellant to file a *nunc pro tunc* petition for allowance of appeal. Appellant filed that petition, which our Supreme Court denied on January 11, 2018.

On October 4, 2018, Appellant filed the *pro se* PCRA petition underlying the present appeal. Therein, he alleged, in pertinent part, that the Commonwealth had committed prosecutorial misconduct at trial by permitting

one of its witnesses, Elwood Gladfelter, to offer perjured testimony, and that his trial counsel was ineffective for not objecting to this misconduct.[1]  The PCRA court appointed counsel, who filed an amended petition on Appellant's behalf, adding that his trial counsel was ineffective for failing to preserve a weight-of-the-evidence claim for appellate review.  On June 12, 2019, the court issued an order denying Appellant's petition.[2]

Appellant filed a timey notice of appeal, and he complied with the PCRA court's order to file a Rule 1925(b) statement.  The court thereafter issued a Rule 1925(a) opinion, stating that it was relying on the rationale set forth in its June 12, 2019 order denying Appellant's petition, as well as the Rule 1925(a) opinion it had filed during his direct appeal.  Herein, Appellant states one issue for our review:

> [I.] Did the [PCRA c]ourt err in finding that Appellant failed to meet his burden for ineffective assistance of [c]ounsel as his counsel failed to raise a weight[-]of[-]the[-]evidence claim as well as argue prosecutorial misconduct?

Appellant's Brief at 4.

Preliminarily, we recognize that "[t]his Court's standard of review from the grant or denial of post-conviction relief is limited to examining whether

---

[1] Appellant raised other claims in his *pro se* petition that he abandons on appeal.  Thus, we do not address those additional issues.

[2] We note that the court did not issue a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing.  However, he has not objected to that omission on appeal and, thus, it is waived.  **See Commonwealth v. Taylor**, 65 A.3d 462, 468 (Pa. Super. 2013) ("The failure to challenge the absence of a Rule 907 notice constitutes waiver.") (citation omitted).

the lower court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Morales**, 701 A.2d 516, 520 (Pa. 1997) (citing **Commonwealth v. Travaglia**, 661 A.2d 352, 356 n.4 (Pa. 1995)). Where, as here, a petitioner claims that he received ineffective assistance of counsel, our Supreme Court has directed that the following standards apply:

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). "Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." [**Commonwealth v.**] **Colavita**, … 993 A.2d [874,] 886 [(Pa. 2010)] (citing **Strickland** [**v. Washington**, 466 U.S. 668 ... (1984)]). In Pennsylvania, we have refined the **Strickland** performance and prejudice test into a three-part inquiry. **See** [**Commonwealth v.**] **Pierce**, [527 A.2d 973 (Pa. 1987)]. Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. **Commonwealth v. Ali**, … 10 A.3d 282, 291 (Pa. 2010). "If a petitioner fails to prove any of these prongs, his claim fails." **Commonwealth v. Simpson**, … 66 A.3d 253, 260 ([Pa.] 2013) (citation omitted). Generally, counsel's assistance is deemed constitutionally effective if he chose a particular course of conduct that had some reasonable basis designed to effectuate his client's interests. **See Ali, supra**. Where matters of strategy and tactics are concerned, "a finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." **Colavita**, … 993 A.2d at 887 (quotation and quotation marks omitted). To demonstrate prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceedings would have been different." ***Commonwealth v. King***, … 57 A.3d 607, 613 ([Pa.] 2012) (quotation, quotation marks, and citation omitted). "'[A] reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding.'" ***Ali***, … 10 A.3d at 291 (quoting ***Commonwealth v. Collins***, … 957 A.2d 237, 244 ([Pa.] 2008) (citing ***Strickland***, 466 U.S. at 694….)).

***Commonwealth v. Spotz***, 84 A.3d 294, 311-12 (Pa. 2014).

Here, Appellant's single issue encompasses two distinct sub-claims of trial counsel's ineffectiveness, which we will address separately. First, he contends that counsel erred by not preserving a weight-of-the-evidence claim in his post-sentence motion, thereby waiving that issue on direct appeal. Notably, Appellant offers no discussion of why a challenge to the weight of the evidence would have been successful had counsel preserved it. Instead, he merely claims that he "had the right to have that issue go before the [trial c]ourt and if then denied, … to have that issue reviewed by the Superior Court." Appellant's Brief at 16.

Appellant's argument is insufficient to demonstrate ineffectiveness, as he fails to explain why the jury's verdict was contrary to the weight of the evidence. It is well-settled that "[c]ounsel will not be deemed ineffective for failing to raise a meritless claim." ***Commonwealth v. Spotz***, 896 A.2d 1191, 1210 (Pa. 2006) (citation omitted). Here, the PCRA court noted that, in its Rule 1925(a) opinion authored in response to Appellant's direct appeal, it provided a lengthy analysis of his weight-of-the-evidence claim and concluded that it was meritless. ***See*** PCRA Court Order, 6/12/19, at 7; ***see also*** Trial Court Opinion, 7/17/15, at 3-12. Appellant does not discuss why this Court

would have deemed the trial court's decision an abuse of discretion, had counsel properly preserved the weight claim for our review. *See Commonwealth v. Luster*, 71 A.3d 1029, 1049 (Pa. Super. 2013) ("When a challenge to the weight of the evidence is raised on appeal, our role … is not to consider the underlying question of whether the verdict is against the weight of the evidence, but is limited to determining whether the trial court abused its discretion in ruling on the weight[-]of[-]the[-]evidence claims.") (citation and internal quotation marks omitted). Therefore, because Appellant offers no analysis of the merits of his weight-of-the-evidence claim, he has not proven that counsel was ineffective for failing to preserve it.

Second, Appellant contends that his trial counsel was ineffective for not objecting when the Commonwealth presented the ostensibly perjured testimony of Elwood Gladfelter. By way of background, Gladfelter testified both at an omnibus pre-trial hearing, and at trial, that Appellant had confessed to Gladfelter that he had shot two people. More specifically, at trial, Gladfelter explained that he was Appellant's cellmate for approximately 4 months in 2012 and, during that time, Appellant talked to him about the murder. N.T. Trial, 8/12/13-8/13/13, at 319-21. In this regard, Gladfelter testified:

> [The Commonwealth:] What did he say about why he was there that night?
>
> [Gladfelter:] He robbed a dude and shot somebody in the hand and shot the other guy on the shoulder.
>
> [The Commonwealth:] Did he say who it was who he shot in the shoulder?

[Gladfelter:] No, he didn't say who it was.

[The Commonwealth:] Did he say why he shot the guy in the shoulder?

[Gladfelter:] The guy wanted to buy crack but I think he was there to rob him. He said something about calling Ike or something and calling this guy Jesse got there or something like that, you know, so.

[The Commonwealth:] Did he say anything more than he shot him? Did he do anything else that night?

[Gladfelter:] I guess when the dude ran out of there, he went down there and took money out of his pockets. I guess Ike was holding him on the street or something. He went down and took his money out of his pockets.

*Id.* at 321-22.

Appellant now argues that Gladfelter's testimony was clearly perjured because only one person was shot, not two as Gladfelter claimed. He also contends that Gladfelter testified incorrectly about other facts of the case. Appellant insists that the prosecutor committed misconduct by presenting Gladfelter's perjured testimony, and that his defense counsel was ineffective for not objecting.

Appellant has failed to demonstrate arguable merit to this ineffectiveness claim. Gladfelter testified about *what Appellant told him*; he never claimed to have personal knowledge of the facts of the shooting. Therefore, any inconsistencies between his testimony and the facts, as proven by other evidence in the case, does not prove perjury on his part, as Appellant might simply have relayed incorrect facts to Gladfelter. Therefore, the record does not establish that Gladfelter committed perjury. Consequently, Appellant

has not demonstrated arguable merit to his claim that trial counsel should have objected to Gladfelter's testimony and alleged prosecutorial misconduct.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 03/24/2020