J-S07021-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ISAAC RAY VAUGHAN | : | |
| | : | |
| Appellant | : | No. 946 WDA 2020 |

Appeal from the Order Entered August 17, 2020
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001017-2009

BEFORE:  SHOGAN, J., DUBOW, J., and KING, J.

JUDGMENT ORDER BY DUBOW, J.:          **FILED: MARCH 23, 2021**

Appellant, Isaac Ray Vaughan, has appealed *pro se* from the August 17, 2020 Order denying his Motion to Amend Sentence.  We dismiss this appeal.

The facts and procedural history relevant to our disposition are as follows.  On September 16, 2009, the trial court sentenced Appellant to an aggregate term of 7 to 25 years' incarceration following convictions of two counts of Aggravated Assault and one count of Possessing Instruments of a Crime.[1]  Appellant did not file an appeal from his Judgment of Sentence.

Appellant filed numerous Petitions for post-conviction relief, none of which garnered him relief.  Most recently, on June 5, 2020, Appellant filed *pro*

---

[1] 18 Pa.C.S. §§ 2702(a)(1), 2702(a)(4), and 907(a), respectively.

*se* a Motion to Amend Sentence,[2] which the trial court denied on August 17, 2020.

This *pro se* appeal followed. Appellant filed a court-ordered Rule 1925(b) Statement. The trial court filed a Rule 1925(a) Opinion directing this Court to its June 19, 2019 Opinion.

The *pro se* Brief that Appellant has submitted to this Court fails to conform to the basic requirements of appellate advocacy. Appellant's two-page Brief does not include: (1) a statement of jurisdiction; (2) a copy of the order on appeal; (3) any statement of the scope and standard of review; (4) a statement of questions involved; (5) a statement of the case; (6) a summary of the argument; or (7) a copy of his Rule 1925(b) Statement. ***See*** Pa.R.A.P. 2111(a) (listing required contents for appellate briefs).

Most notably, the argument section of Appellant's Brief is devoid of any citation to the record or relevant controlling case law applied and analyzed under the facts of this case. ***See*** Appellant's Brief at 1-2 (unpaginated). "The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." ***Eichman v. McKeon***, 824 A.2d 305, 319 (Pa. Super. 2003) (citations omitted). ***See*** Pa.R.A.P. 2111 and Pa.R.A.P. 2119 (listing argument

---

[2] Because "all motions filed after a judgment of sentence is final are to be construed as PCRA petitions[,]" we treat Appellant's Motion to Amend Sentence as a PCRA Petition. ***Commonwealth v. Taylor***, 65 A.3d 462, 466 (Pa. Super. 2013) (where this Court treated the defendant's serial post-conviction writ of *habeas corpus* as an untimely PCRA petition).

requirements for appellate briefs). Furthermore, "[w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a Court will not consider the merits thereof." ***Branch Banking and Trust v. Gesiorski***, 904 A.2d 939, 942-43 (Pa. Super. 2006) (citation omitted). ***See*** Pa.R.A.P. 2101 (explaining that substantial briefing defects may result in dismissal of appeal).

"While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because [he] lacks legal training." ***Gesiorski***, at 942 (citation omitted). "As our [S]upreme [C]ourt has explained, any layperson choosing to represent [himself] in a legal proceeding must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing." ***Id.*** (citation omitted).

In the present case, even a liberal construction of Appellant's Brief cannot remedy the serious inadequacies. Accordingly, we dismiss the appeal due to the substantial briefing defects in Appellant's Brief, which hamper our ability to conduct meaningful appellate review.[3] ***See*** Pa.R.A.P. 2101.

Appeal dismissed.

---

[3] On November 16, 2020 Appellant filed, with leave of Court, a Supplemental Brief. Appellant's Supplemental Brief is likewise wholly noncompliant with the Rules of Appellate Procedure.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/23/2021