J-S82043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DANIEL R. WITUCKI, | |
| Appellant | No. 838 MDA 2016 |

Appeal from the Order Entered April 25, 2016
in the Court of Common Pleas of Tioga County
Criminal Division at Nos.: CP-59-CR-0000033-1998
CP-59-CR-0000568-1998

BEFORE:  OTT, J., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED NOVEMBER 14, 2016**

Appellant, Daniel R. Witucki, appeals *pro se* from the denial of his third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We affirm.

On June 24, 1998,[1] a jury convicted Appellant of first degree murder for fatally shooting the victim with a rifle.  The trial court sentenced Appellant to a term of life imprisonment the same day.  This Court affirmed Appellant's judgment of sentence on July 15, 1999.  (**See Commonwealth**

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The trial court docket reflects that the verdict was entered on June 26, 1998.  However, the jury announced the verdict in open court on June 24, 1998.  (**See** N.T. Trial, 6/24/98, at 731-32).

*v. Witucki*, 742 A.2d 1154 (Pa. Super. 1999)). The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on November 24, 1999. (*See Commonwealth v. Witucki*, 747 A.2d 368 (Pa. 1999)).

On November 29, 2000, Appellant filed his first PCRA petition *pro se*. Appointed counsel filed an amended petition on June 25, 2001, which the court denied on October 5, 2001. This Court affirmed the court's order on December 24, 2002, and our Supreme Court denied Appellant's petition for allowance of appeal on August 27, 2003. (*See Commonwealth v. Witucki*, 817 A.2d 1187 (Pa. Super. 2002), *appeal denied*, 829 A.2d 1157 (Pa. 2003)).

On May 15, 2012, Appellant filed his second PCRA petition. On January 18, 2013, the court appointed PCRA counsel and scheduled a hearing, after which it denied the petition. On December 24, 2013, a panel of this Court affirmed the PCRA court's order. (*See Commonwealth v. Witucki*, 93 A.3d 519 (Pa. Super. 2013)). Appellant did not seek review with our Supreme Court.

Appellant filed a petition for writ of *habeas corpus*, which the PCRA court denied on September 30, 2014. A panel of this Court affirmed the PCRA court's denial on November 10, 2015. (*See Commonwealth v. Witucki*, 134 A.3d 486 (Pa. Super. 2015)).

On February 25, 2016, Appellant filed the instant petition for writ of *habeas corpus*, which the PCRA court properly treated as a PCRA petition.[2] (*See* PCRA Court Notice of Intent to Dismiss, 3/31/16, at unnumbered page 1). On March 31, 2016, the court sent Appellant notice of its intent to dismiss the petition as untimely, with none of the timeliness exceptions pleaded or proven. *See* Pa.R.Crim.P. 907(1). Appellant responded on April 11, 2016, and the court dismissed the petition on April 25, 2016. Appellant timely appealed.[3]

Appellant raises two questions for this Court's review:

A. Whether the [PCRA] court abused its discretion in dismissing Appellant's petition for writ of *habeas corpus ad subjiciendum* where the verdict announced by the court of guilty on the first degree murder offense was in error in that the court did not have jurisdiction of the matter, where the criminal information filed in this action were [sic] fatally defective since if [sic] failed to recite all of the essential elements of the offense and failed to inform Appellant of the precise charge he was required to defend against at trial?

B. Whether Appellant is illegally confined based on the verdict and sentence being vitiated and non-existent as a result of the fatally defective criminal information and eliminates all questions

---

[2] "Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus.*" **Taylor**, **infra**, at 465-66 (citations omitted). Here, Appellant challenged the legality of his sentence and the jurisdiction of the trial court. (*See* Petition for Writ of *Habeas Corpus*, 2/25/16, at 4-5). These claims are cognizable under the PCRA. *See* 42 Pa.C.S.A. §§ 9542, 9543(a)(2)(viii).

[3] Pursuant to the PCRA court's order, Appellant filed a timely statement of errors complained of on appeal on July 1, 2016. *See* Pa.R.A.P. 1925(b). The court filed an opinion on July 22, 2016. *See* Pa.R.A.P. 1925(a).

of waiver, timeliness[,] and due diligence as bars to the relief sought?

(Appellant's Brief, at 3) (unnecessary capitalization and emphasis omitted).

Before we reach the merits of Appellant's questions, we must determine whether the PCRA court properly determined that his petition was untimely, and that therefore it lacked jurisdiction to decide its merits.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Further, where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary.

***Commonwealth v. Rykard***, 55 A.3d 1177, 1183 (Pa. Super. 2013), *appeal denied*, 64 A.3d 631 (Pa. 2013) (citations omitted).

Here, the PCRA court found that Appellant's instant PCRA petition was untimely and that he failed to plead and prove any exception to the PCRA time-bar. (**See** PCRA Ct. Notice of Intent to Dismiss, at unnumbered page 2). We agree.

It is well-settled that:

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration

of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions. . . .

*Commonwealth v. Jones*, 54 A.3d 14, 16-17 (Pa. 2012) (case citations and footnote omitted).

In the case *sub judice*, Appellant's judgment of sentence became final on February 23, 2000, at the expiration of the time for him to seek review of his judgment of sentence in the United States Supreme Court. *See* U.S. Sup.Ct. R. 13, 28 U.S.C.A.; 42 Pa.C.S.A. § 9545(b)(3). Therefore, he had one year from that date, until February 23, 2001, to file a petition for collateral relief unless he pleaded and proved that a timing exception applied. *See* 42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii). Hence, Appellant's current petition, filed on February 25, 2016, is untimely on its face unless he pleads and proves one of the statutory exceptions to the time-bar.

Section 9545 of the PCRA provides only three exceptions that allow for review of an untimely PCRA petition: (1) the petitioner's inability to raise a claim because of governmental interference; (2) the discovery of previously unknown facts that would have supported a claim; and (3) a newly-recognized constitutional right. *See id.* When a petition is filed outside the one-year time limit, petitioners must plead and prove the applicability of one of the three exceptions to the PCRA timing requirements. *See*

*Commonwealth v. Johnston*, 42 A.3d 1120, 1126 (Pa. Super. 2012) ("If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition.") (citation omitted). Also, a PCRA petition invoking one of these statutory exceptions must "be filed within [sixty] days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

In the case before us, Appellant acknowledges that his petition is untimely. (*See* Appellant's Brief, at 11). However, he fails even to attempt to plead any of the exceptions to the timeliness requirements. (*See id.* at 7-15). Instead, he maintains that his petition is not time-barred because he was illegally sentenced and confined. (*See id.*). This claim fails.

It is well-settled that, "although illegal sentencing issues cannot be waived, they still must be presented in a timely PCRA petition." *Commonwealth v. Taylor*, 65 A.3d 462, 465 (Pa. Super. 2013) (citation omitted). Therefore, Appellant's argument lacks merit.[4] Hence, because Appellant utterly fails to meet his burden of pleading and proving the

---

[4] Moreover, Appellant's argument that he properly sought relief in a *habeas corpus* petition because he is time-barred by the PCRA, (*see* Appellant's Brief, at 11), is equally specious. *See Taylor*, *supra* at 466 ("Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus.*") (citations and footnote omitted).

applicability of a timeliness exception, the PCRA court properly dismissed his petition as untimely.  *See Jones*, *supra* at 16-17; *Rykard*, *supra* at 1183; *Johnston*, *supra* at 1126.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/14/2016