J-S61010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| FRANK LEE | |
| Appellant | No. 3023 EDA 2016 |

Appeal from the PCRA Order August 23, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0206981-1983

BEFORE: LAZARUS, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.: **FILED SEPTEMBER 19, 2017**

Frank Lee appeals *pro se* and *nunc pro tunc* from the trial court's order reinstating his collateral appeal rights and denying all other claims raised in his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541-9545. After careful review, we affirm.

On January 6, 1984, Lee was convicted by a jury of two counts each of rape and robbery, and one count of possessing an instrument of crime (PIC) and related offenses. The charges stemmed from Lee and two co-defendants brutally raping and robbing two women at gunpoint in 1982. The trial court sentenced Lee to an aggregate term of 25-50 years' imprisonment. Lee filed post-sentence motions and a direct appeal that

_____

[*] Retired Senior Judge assigned to the Superior Court.

were both denied. Over the ensuing years, Lee has filed several PCRA petitions and collateral appeals. In April 2010, Lee wrote to the court inquiring about the status of a PCRA petition he had filed in 2008. On April 14, 2010, the court replied to his letter, indicating that it had denied the 2008 petition on November 21, 2008 and that:

> If [he] did not receive a copy of the Judge[']s order of dismissal/denial [he] must write directly to that Judge for a copy of the order . . . [and i]f [his] case was concluded more than thirty (30) days ago and [he] wish[es] to file an appeal of the decision[, he] must be granted reinstatement of [his] appellate rights from that judge.

Post-Trial Unit Letter, 4/14/10. On October 16, 2014, Lee filed a "Motion for Post-Conviction Relief and/or Request for Alternative relief Under the Writ of Habeas Corpus pursuant to 42 Pa.C.S. § 6501, *et seq*." In that motion Lee claimed that application of a mandatory minimum statute rendered his sentence illegal. In response to that motion, on August 23, 2016, the trial court reinstated Lee's collateral appeal rights *nunc pro tunc* and denied all other PCRA claims. This appeal follows, in which Lee presents the following issue for our consideration: Did the trial court judge abuse his discretion by applying 42 Pa.C.S. § 9712 to [Lee's] sentence?

Our standard of review is well established. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" **Commonwealth v. Taylor**, 67 A.3d 1245, 1248 (Pa. 2013) (quoting **Commonwealth v. Rainey**, 928 A.2d 215, 223 (Pa. 2007)).

- 2 -

Instantly, the PCRA court determined that Lee's petition was untimely filed. The PCRA requires that any petition must be filed within one year of the date the judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review . . . or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Moreover, it is important to note that "although illegal sentencing issues cannot be waived, they still must be presented in a **_timely_** PCRA petition." **_Commonwealth v. Taylor_**, 65 A.3d 462 (Pa. Super. 2013) (emphasis added).

Lee was sentenced on December 12, 1984, and our Court affirmed his judgment of sentence on April 9, 1987. Accordingly, Lee's judgment of sentence became final after the time expired for him to file a petition for allowance of appeal with the Pennsylvania Supreme Court, or on May 9, 1987. **_See_** Pa.R.A.P. 1113. Thus, Lee had one year from that date, or until May 9, 1988, to file a timely PCRA petition. **_See_** 42 Pa.C.S.A. § 9545(b)(1). He did not file the instant petition until April 26, 2007,[1] more than ten years late. Accordingly, the PCRA court had no jurisdiction to entertain Lee's petition unless he established one of the exceptions to the jurisdictional time bar.

_____

[1] The court specifically granted a collateral appeal _nunc pro tunc_

- 3 -

A PCRA court will entertain an otherwise untimely petition if the petitioner pleads and proves that: (1) the failure to raise a timely claim was the result of interference by government officials; (2) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or (3) the right asserted is a constitutional right that has been recognized by the United States Supreme Court or the Supreme Court of Pennsylvania after the one-year time period, and has been held to apply retroactively.[2] 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii). Any petition invoking one of these exceptions must be filed within 60 days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

Lee contends that he was sentenced under an unconstitutional mandatory minimum statute, 42 Pa.C.S. § 9712(a), and that his sentence should be vacated as illegal pursuant to **Alleyne v. United States**, 133 S. Ct. 2151 (2013). In **Alleyne**, the Court held that an element of an offense that increased the mandatory minimum sentence must be found by a jury beyond a reasonable doubt. 133 S. Ct. at 2155.

In **Commonwealth v. Valentine**, 101 A.3d 801 (Pa. Super. 2014), our Court held that the section 9712(a)'s mandatory minimum sentencing provision, relating to possession of a weapon during a crime of violence, was

---

[2] Lee's PCRA petition references the after-recognized constitutional right exception to the PCRA timing requirements in 42 Pa.C.S. § 9545(b)(1)(iii).

unconstitutional under **Alleyne**. However, in **Commonwealth v. Washington**, 142 A.3d 810 (Pa. 2016), the Supreme Court of Pennsylvania held that although **Alleyne** establishes a new rule of federal constitutional law, it does not apply retroactively to cases pending on collateral review. **Id.** at 820. Moreover, pursuant to **Commonwealth v. Riggle**, 119 A.3d 1058, 1064 (Pa. Super. 2015), **Alleyne** does not meet the new constitutional right exception to the PCRA time bar and, as such, **Alleyne** will only be applied to cases pending on direct appeal when **Alleyne** was issued. Here, **Alleyne** was issued twenty-eight years after Lee's sentence could have been directly appealed. Accordingly, Lee is not entitled to relief; the trial court lacked jurisdiction to consider his petition and properly dismissed it as untimely. **Taylor**, **supra**.

Order affirmed.[3]

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/19/2017

---

[3] To the extent that Lee raises additional grounds in his appellate brief that were not included in his petition, they have either been waived, previously litigated or are not cognizable under the PCRA. 42 Pa.C.S. § 9543(a)(2), (3).