J. S15034/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :     IN THE SUPERIOR COURT OF
         :         PENNSYLVANIA
        v.        :
         :
BENJAMIN FRANCIS DEASEY,       :       No. 3403 EDA 2017
         :
        Appellant    :

Appeal from the PCRA Order, July 25, 2017,
in the Court of Common Pleas of Chester County
Criminal Division at No. CP-15-CR-0000025-2014

BEFORE:  STABILE, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED MAY 16, 2018**

Benjamin Francis Deasy appeals ***pro se*** from the July 25, 2017 order entered in the Court of Common Pleas of Chester County that dismissed his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Because the notice of appeal was untimely filed, this court quashes the appeal.

The record reflects that on August 6, 2014, appellant entered into a negotiated plea agreement for first degree robbery, criminal conspiracy to commit robbery, and involuntary manslaughter.[1]  That same day, he received an aggregate sentence of 6 to 12 years' imprisonment to be followed by 1 year of probation.  Appellant did not file a direct appeal.

---

[1] 18 Pa.C.S.A. §§ 3701(A)(1)(i), 903, and 2504(A), respectively.

On August 24, 2015, appellant timely filed his initial PCRA petition. On October 28, 2015, appellant's counsel petitioned to withdraw as PCRA counsel. On November 17, 2015, the PCRA court granted counsel's petition to withdraw. Also, on November 17, 2015, the PCRA court gave appellant notice of its intention to dismiss the PCRA petition without a hearing and gave appellant 20 days to respond to the notice, pursuant to Pa.Crim.P. 907. Appellant did not file a timely response. On December 21, 2015, the PCRA court denied and dismissed the PCRA petition. On April 29, 2016, Appellant timely appealed to this court. In a memorandum filed December 21, 2016, this court affirmed. *Commonwealth v. Deasey*, 159 A.3d 1010 (Pa.Super. 2016) (unpublished memorandum).

On April 14, 2017, appellant moved to modify his sentence. The PCRA court treated the motion to modify as a second PCRA petition, as the PCRA is designed to provide the sole means of obtaining collateral relief unless the PCRA could not provide for a potential remedy. *See Commonwealth v. Taylor*, 65 A.3d 462, 465 (Pa.Super. 2013). On May 23, 2017, the PCRA court issued an order that announced its intention to dismiss the second PCRA petition without a hearing. The order was filed on May 24, 2017. The PCRA court gave appellant 20 days to respond to the intent to dismiss. On June 12, 2017, appellant petitioned for an extension of time to file a brief. On June 15, 2017, the PCRA court granted the request for an extension for 30 days. In a letter filed on June 21, 2017, appellant informed the PCRA

court that he was asking for a change in his sentences so that the two sentences of 3 to 6 years would run concurrent to one another rather than consecutive. On July 25, 2017, the PCRA court denied and dismissed the second PCRA petition without a hearing. On August 28, 2017, appellant petitioned for an extension to file a brief. In the petition, appellant stated incorrectly that his brief was due on August 28, 2017, and that he sought an extension until November 28, 2017. On September 12, 2017, the PCRA court denied the petition on the basis that there were no motions or petitions pending before it.

On October 16, 2017, appellant filed a notice of appeal. On October 24, 2017, the PCRA court ordered appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). Appellant complied with the order on November 6, 2017. On December 1, 2017, the PCRA court filed an opinion and discussion in accordance with Pa.R.A.P. 1925(a).

On January 17, 2018, this court ordered appellant to show cause within ten days why his appeal of October 16, 2017 from the order entered on July 25, 2017 should not be quashed as untimely filed. In a **_per curiam_** order, this court informed appellant that failure to respond to this directive may result in quashal/dismissal of the appeal without further notice. Appellant did not respond to the rule to show cause.

Under Pa.R.A.P. 903(a), an appellant has 30 days to file an appeal after the entry of an order from which an appeal can be taken. On July 25, 2017, the PCRA court dismissed appellant's motion to modify or second PCRA petition. Appellant had 30 days to appeal this order or until August 24, 2017. Appellant did not file a notice of appeal until October 16, 2017. Confusingly, appellant stated in the notice of appeal that he was appealing the order of court dated December 21, 2015, which was the dismissal of his first PCRA petition. This court already affirmed this order on appeal. To the extent appellant appealed the September 12, 2017 denial of his motion for an extension of time to file a brief because there were no motions or petitions before the PCRA court, that order was not a final appealable order.[2]

This court will treat the October 16, 2017 notice of appeal as an appeal from the July 25, 2017 order of the PCRA court that dismissed the motion to modify sentence as untimely. Under Pa.R.A.P. 902(a), the fact that an appeal is untimely affects the appeal's validity. Therefore, this court quashes the appeal.

Appeal quashed.

---

[2] Rule 341(b) of the Pennsylvania Rules of Appellate Procedure defines a final order as 1) an order that disposes of all claims and all parties or 2) is entered as a final order pursuant to Rule 341(c) which is not applicable here. *See* Pa.R.A.P. 341(b-c).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>5/16/18</u>