J-S35014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHADWYCKE JAY STEVENSON, | |
| Appellant | No. 190 MDA 2018 |

Appeal from the PCRA Order December 13, 2017
In the Court of Common Pleas of Perry County
Criminal Division at No(s):  CP-50-CR-0000268-2014

BEFORE:  BENDER, P.J.E., PANELLA, J., and MURRAY, J.

MEMORANDUM BY BENDER, P.J.E.:              **FILED AUGUST 23, 2018**

Appellant, Chadwycke Jay Stevenson, appeals from the post-conviction court's December 13, 2017 order dismissing, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The facts of Appellant's case are not necessary to our disposition of his present appeal.  We need only note that Appellant was convicted of involuntary deviate sexual intercourse and, on January 8, 2015, he was sentenced to mandatory term of 10 to 20 years' for that offense pursuant to 42 Pa.C.S. § 9718(a)(1).  Appellant did not file a direct appeal; consequently, his judgment of sentence became final on February 7, 2015.

On June 20, 2016, our Supreme Court issued **Commonwealth v. Wolfe**, 140 A.3d 651 (Pa. 2016), holding that section 9718 is unconstitutional

in light of **Alleyne v. United States**, 133 S.Ct. 2151, 2163 (2013) (holding that "facts that increase mandatory minimum sentences must be submitted to the jury" and found beyond a reasonable doubt). Approximately one year later, on June 23, 2017, Appellant filed a *pro se* PCRA petition asserting that his mandatory sentence is illegal under **Wolfe**. Counsel was appointed and filed an amended petition on his behalf. On December 13, 2017, the PCRA court issued an order dismissing Appellant's petition without a hearing, concluding that it was untimely.[1]

Appellant filed a timely notice of appeal and also timely complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The PCRA court issued a Rule 1925(a) opinion on March 2, 2018. Herein, Appellant presents one issue for our review:

> Should the [PCRA] petition filed by [Appellant] be deemed untimely even though he filed after he discovered the Court's ruling made in … **Wolfe** …, which found that mandatory sentences for sexual crimes [are] unconstitutional?

Appellant's Brief at 7 (unnecessary capitalization omitted).

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported

---

[1] The PCRA court did not file a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. However, Appellant does not challenge that error on appeal, thus waiving this claim for our review. **See Commonwealth v. Taylor**, 65 A.3d 462, 468 (Pa. Super. 2013) ("The failure to challenge the absence of a Rule 907 notice constitutes waiver.") (citation omitted). Additionally, even had Appellant raised this issue, we have stated that "where the petition is untimely," the failure to issue a Rule 907 notice "does not automatically warrant reversal." **Id.** (citation omitted).

by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007) (stating PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address the merits of the petition). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>
>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>
>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, as stated *supra*, Appellant's judgment of sentence became final on February 7, 2015, at the conclusion of the 30-day period for filing an appeal with this Court from his judgment of sentence. **See** 42 Pa.C.S. § 9545(b)(3) (judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 903(a) (notice of appeal to Superior Court must be filed within 30 days after the entry of the order from which the appeal is taken). Accordingly, he had until February 8, 2016, to file a timely petition, making his present petition filed on June 23, 2017 patently untimely. Thus, for this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Appellant fails to meet this burden. Initially, his reliance on **Wolfe** cannot satisfy the one-year time-bar of the PCRA for several reasons. First, the **Wolfe** Court did not announce a new constitutional rule; it simply applied the rule announced in **Alleyne** to hold that the mandatory minimum sentencing scheme set forth in 42 Pa.C.S. § 9718 is unconstitutional. Additionally, even if **Wolfe** did create a new rule, the Supreme Court did not hold that **Wolfe** applies retroactively. Finally, Appellant did not file his petition within 60 days of **Wolfe's** filing; therefore, he cannot satisfy section 9545(b)(2).

Appellant also contends that the interests of justice demand that we grant him sentencing relief, despite the untimeliness of his petition. ***See*** Appellant's Brief at 12-13. However, our Supreme Court has made clear that the PCRA "confers no authority upon [an appellate] [c]ourt to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." ***Commonwealth v. Watts***, 23 A.3d 980, 983 (Pa. 2011) (citations omitted). Because, for the reasons stated *supra*, Appellant cannot meet any of the statutory exceptions set forth in section 9545(b)(1), we cannot grant him relief on the basis of equity.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/23/2018