J-S80006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DANIEL ALTON, | |
| Appellant | No. 3191 EDA 2017 |

Appeal from the PCRA Order Entered August 23, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0807861-1997

BEFORE:  BENDER, P.J.E., BOWES, J., and NICHOLS, J.

MEMORANDUM BY BENDER, P.J.E.:                  **FILED MARCH 12, 2019**

Appellant, Daniel Alton, appeals *pro se* from the post-conviction court's August 23, 2017 order dismissing his second petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The facts of Appellant's underlying convictions are not pertinent to our disposition of his present appeal.  The PCRA court summarized the procedural history of his case, as follows:

> The reconstructed record reveals that on March 11, 1999, [Appellant] was convicted of robbery and related charges and sentenced to eight to sixteen years of imprisonment.  [Appellant] filed a timely appeal, but it was dismissed by the Superior Court on February 2, 2001[,] for counsel's failure to file a brief.
>
> The remaining procedural history is [quoted] from a prior Superior Court opinion:
>
> > On April 4, 2002, Appellant filed a *pro se* PCRA petition requesting reinstatement of his direct appeal rights *nunc pro*

*tunc*. The trial court dismissed the petition on November 19, 2002. It appears Appellant did not appeal the denial of his petition; rather, on March 11, 2003, he filed a PCRA petition, which the trial court dismissed on January 5, 2004, as untimely. On appeal, on November 17, 2005, [the Superior] Court vacated the order of the trial court, and remanded for an evidentiary hearing on the timeliness of Appellant's PCRA petition, and for appointment of new counsel. On December 7, 2006, following an evidentiary hearing, [the trial c]ourt granted reinstatement of Appellant's right to appeal *nunc pro tunc* by agreement of both parties. Appellant filed his *nunc pro tunc* appeal on January 3, 2007. In the following years, this matter went back and forth between [the Superior] Court and the trial court mainly for one reason: reconstruction of the trial court record, in particular[,] the transcript of the suppression and trial proceedings, which proved to be impossible.

On June 11, 2013, in response to orders from [the Superior] Court, the trial court held it was without jurisdiction [to entertain Appellant's PCRA petition] in that, [Appellant] is no longer serving a sentence of imprisonment, parole or probation in this case. [Appellant] has completely satisfied his sentence[ ] of March 19, 1999.

***Commonwealth v. Alton***, [No.] 134 EDA 2007[, unpublished memorandum at 2-5 (Pa. Super. filed March 31, 2015)] (citations [and quotation marks] omitted).

On appeal, on March 31, 2015, the Superior Court held that "we must conclude that Appellant's instant appeal must be dismissed. Appellant fails to meet the PCRA's eligibility requirements because he has completed his sentence." ***Id.*** On July 30, 2015, the Pennsylvania Supreme Court denied [Appellant's] petition for allowance of appeal.[1]

> [1] ***Commonwealth v. Alton***, 121 A.3d 493 (Pa. 2015) (table).

The instant petition for writ of *habeas corpus* was filed on March 20, 2003.[1] Over fourteen years later, the Honorable Lisa Rau transferred this [filing] to the Criminal Division[,] ostensibly

---

[1] Appellant's filing was actually titled, "Complaint," and was not a writ of *habeas corpus*.

- 2 -

having reached the conclusion that [Appellant's complaint] was in fact a filing under the [PCRA]. After review, this court determined that to the extent his filing is subsumed by the PCRA, [Appellant] had no standing to obtain relief and entered an order stating the same on August 23, 2017.[2] [Appellant] filed a timely appeal on September 19, 2017. This opinion now follows.

PCRA Court Opinion, 11/21/17, at 1-2 (footnote omitted).

On appeal, Appellant presents the following eight issues for our review:

I. Whether Appellant was denied due process of law when [the PCRA] … court refused to ensure that a complete record of the proceedings below was made a part of the record on appeal?

II. Whether the [PCRA] court abused its discretion when it transferred Appellant's civil action to the criminal division, and refused to return it to [the] same?

III. Whether [the PCRA] … court abused its discretion and denied due process of law when it ignored Appellant's post[-]order motions?

IV. Whether Appellant was denied due process of law when [the PCRA] … court refused to file his post[-]order motions?

V. Whether [the PCRA] … court abused its discretion when it refused to address Appellant's motion to transfer [the] case back to civil court or transfer [it] *sua sponte*?

VI. Whether Appellant was denied due process of law by [the PCRA] … court's refusal to comply with the provisions of [Pa.R.A.P.] 1925(a)…?

VII. Whether [the PCRA] … court violated the law of the case doctrine when it transferred [the] civil case to [the] criminal division?

VIII. Whether [the PCRA court] erred in refusing to address the motion for recusal?

---

[2] We note that the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. Appellant did not file a response, after which the court entered the order dismissing his petition on August 23, 2017.

Appellant's Brief at 2-3 (unnecessary capitalization omitted).

We first address Appellant's second issue, in which he asserts that both Judge Rau and the current PCRA court erred by construing his civil "Complaint" as a PCRA petition.[3] Appellant is not entitled to relief. He acknowledges that in his March 20, 2003 "Complaint," he raised the "same claim of ineffective assistance of counsel" as he presented in his PCRA petition filed on March 11, 2003. *Id.* at 2. Claims of ineffective assistance of counsel are clearly cognizable under the PCRA, *see* 42 Pa.C.S. § 9543(a)(2)(ii), and "[i]ssues that are cognizable under the PCRA must be raised in a timely PCRA petition…." *Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa. Super. 2013). Therefore, Appellant's "Complaint" was properly transferred to the criminal division of the court of common pleas and treated as a PCRA petition.

We also conclude that the PCRA court did not err by dismissing Appellant's petition. As Appellant admits, his "ineffectiveness claim was fully litigated" during his first PCRA petition, "and the [PCRA court] dismissed [it] for lack of standing[]" because Appellant "is not currently serving a sentence on this case, rendering him ineligible for PCRA relief pursuant to 42 Pa.[C.S.]

---

[3] To the extent Appellant complains that the record is incomplete, as it does not contain the documents he filed in the civil proceeding, the record belies this claim.

§ 9543(a)(1)[(i)]." Appellant's Brief at 2. Therefore, the PCRA court properly dismissed Appellant's petition, as he is ineligible for post-conviction relief.[4]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/12/19

---

[4] Given this disposition, we deem moot and/or meritless Appellant's arguments that Judge Rau erred by not addressing several motions he filed after she transferred his civil case to the criminal court, and that the PCRA court erred by not addressing, in its Rule 1925(a) opinion, whether the transfer of his case from civil to criminal court was improper. We also hereby deny Appellant's "Application for Special Relief" filed with this Court on January 3, 2019. Therein, Appellant claims he does not have the ability to comply with this Court's copy requirements, and he asks us to order the Commonwealth to provide him with 'supplies' that would enable him to do so. Because our review of Appellant's arguments was not hindered by his alleged inability to meet this Court's copy requirements, we deny his application.