J-S17001-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| CLAYTON MICHAEL TILLOTSON | |
| Appellee | No. 1525 MDA 2020 |

Appeal from the PCRA Order Entered November 20, 2020
In the Court of Common Pleas of Bradford County
Criminal Division at No: CP-08-CR-0000867-2018

BEFORE:  STABILE, J., KUNSELMAN, J. AND PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.:        **FILED NOVEMBER 09, 2021**

The Commonwealth appeals from the November 20, 2020 order granting the Post Conviction Relief Act ("PCRA")[1] petition of Appellee, Clayton Michael Tillotson, for resentencing in this prosecution for driving under the influence ("DUI").  In 2019, the trial court sentenced Appellee as a recidivist under the mandatory minimum provisions of the DUI statutes because of his prior acceptance of accelerated rehabilitative disposition ("ARD") for a previous DUI offense.  During PCRA proceedings, the court vacated Appellee's sentence and granted a new sentencing hearing pursuant to ***Commonwealth v. Chichkin***, 232 A.3d 959 (Pa. Super. 2020), on the ground that his acceptance of ARD in the previous case was a fact that had to be submitted

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.  As discussed below, although Appellee titled his petition as a habeas corpus petition, the court properly treated it as a PCRA petition.

to the jury and proved beyond a reasonable doubt. *Chichkin*, however, does not apply retroactively to Appellee's PCRA petition under this Court's recent decision in *Commonwealth v. Gill*, —A.3d—, 2021 WL 3629331 (Pa. Super., Aug. 17, 2021). Accordingly, we reverse.

On July 12, 2018, Appellee was charged with DUI of a controlled substance and drug-related charges. The DUI charge was graded as a first-degree misdemeanor because Appellee had accepted ARD for a prior DUI offense in 2014.

On March 12, 2019, a jury found Appellee guilty of driving under the influence of a controlled substance, possession of a controlled substance, possession of drug paraphernalia, and possession of a small amount of marijuana.[2] At sentencing on June 17, 2019, the trial court treated the DUI conviction as a second offense because of Appellee's prior acceptance of an ARD program within the past ten years. The court sentenced Appellee to ninety days (the mandatory minimum for second DUI offenses) to five years' imprisonment for DUI and imposed fines for the remaining convictions.

Without filing post-sentence motions, Appellee appealed to this Court at No. 1194 MDA 2019. His sole argument in the appeal was that the trial court prejudiced him by making an improper comment during closing argument. On April 20, 2020, we affirmed his judgment of sentence.

---

[2] 75 Pa.C.S.A. § 3802(d)(2), 35 P.S. § 780-113(a)(16), 35 P.S. § 780-113(a)(32), and 35 P.S. § 780-113(a)(31).

On May 20, 2020, Appellee filed a timely petition for allowance of appeal in the Supreme Court. On the same date, this Court issued its opinion in **Chichkin**. On June 3, 2020, Appellee withdrew his petition for allowance of appeal. On June 4, 2020, Appellee filed a petition for a writ of habeas corpus and motion to modify sentence *nunc pro tunc* pursuant to **Chichkin**. On November 17, 2020, the lower court entered an order treating Appellee's petition as a PCRA petition and granting Appellee's petition for resentencing. The court scheduled a new sentencing hearing for December 21, 2020. On December 3, 2020, the Commonwealth appealed to this Court. Both the Commonwealth and the court complied with Pa.R.A.P. 1925.

The Commonwealth raises a single argument in this appeal, "Did the lower court commit reversible error when it applied a standard applicable only to cases pending on direct review to the case *sub judice* while it was pending on collateral review?" Commonwealth's Brief at 4. The Commonwealth argues that (1) to obtain a new sentence under **Chichkin**, Appellee had to raise this decision during his direct appeal, but he did not raise it on direct appeal, and (2) he lost the right to raise **Chichkin** by withdrawing his petition for allowance of appeal to the Supreme Court and seeking relief under the PCRA.

Preliminarily, the court of common pleas properly treated Appellee's petition as a PCRA petition instead of a petition for habeas corpus. It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. 42 Pa.C.S.A. § 9542; **Commonwealth v. Haun**, 32 A.3d 697 (Pa. 2011). Unless the PCRA cannot provide a potential remedy, the PCRA

statute subsumes the writ of habeas corpus. ***Commonwealth v. Taylor***, 65 A.3d 462, 465-66 (Pa. Super. 2013). Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a habeas corpus petition. ***Id.***

Appellee contends that the trial court's decision to sentence him as a recidivist rendered his sentence illegal under ***Chichkin***. In ***Chichkin***, two defendants were charged with DUI in Philadelphia. One was found guilty of two counts of DUI following a non-jury trial in the Philadelphia Municipal Court[3]; the other pleaded guilty to DUI in the Municipal Court. Under Pennsylvania's DUI laws, acceptance of ARD constitutes a "prior offense" for purposes of sentencing. 75 Pa.C.S.A. § 3806(a)(1). Since both defendants had accepted ARD for prior DUI offenses, the Municipal Court found that both defendants were second-time offenders and sentenced each defendant to the mandatory minimum for second offenses, thirty days' imprisonment.[4] Both defendants filed petitions for writ of certiorari in the Court of Common Pleas of Philadelphia County. The court denied their petitions, and they appealed to this Court.

In this Court, the defendants argued that Section 3806 was unconstitutional under ***Alleyne v. United States***, 570 U.S. 99 (2013), in

---

[3] The defendant's trial in the Municipal Court was without a jury because a defendant has no right to trial by jury in the Municipal Court. 42 Pa.C.S.A. § 1123(a)(2).

[4] One defendant received a maximum of six months' imprisonment, while the other received a maximum of four months' imprisonment.

- 4 -

which the United States Supreme Court held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." **Alleyne**, 570 U.S. at 103. We found this argument meritorious, reasoning that acceptance of ARD is a "fact" that "must be presented to the fact finder and determined beyond a reasonable doubt before a trial court may impose a mandatory minimum sentence under [75 Pa.C.S.A. §] 3804." **Chichkin**, 232 A.3d at 968. Under **Alleyne**, we concluded, "the particular provision of 75 Pa.C.S.[A.] § 3806(a), which defines prior acceptance of ARD in a DUI case as a 'prior offense' for DUI sentencing enhancement purposes, offends the Due Process Clause and is therefore unconstitutional." **Id.** at 971.

Turning to the present case, the key inquiry is whether **Chichkin** applies in PCRA proceedings. Following our recent decision in **Gill**, we hold that it does not.

In **Gill**, the petitioner was charged in 2018 with, *inter alia*, DUI-highest rate, and the jury found him guilty. At sentencing in January 2020, the trial court treated this offense as a second DUI offense due to the petitioner's acceptance and completion of ARD in a prior case. The petitioner did not file a direct appeal, and his judgment of sentence became final in February 2020. In June 2020, this Court decided **Chichkin**. Several weeks later, the petitioner filed a PCRA petition, arguing that **Chichkin** and **Alleyne** required the court to resentence him as a first-time DUI offender. The court denied PCRA relief on the ground that **Chichkin** is procedural in nature and not

- 5 -

retroactively applicable to invalidate his sentence. The petitioner appealed to this Court, which affirmed.

Relying on **Commonwealth v. Washington**, 142 A.3d 810 (Pa. 2016), this Court held in **Gill** that **Alleyne** does not apply to cases on collateral review. **Washington** held that "new constitutional procedural rules generally pertain to future cases and matters that are pending on direct review at the time of the rule's announcement." **Washington**, 142 A.3d at 815. "A new rule applies retroactively in a collateral proceeding only if it is "substantive in character" or if it is considered a "watershed rule of criminal procedure" that "alters our understanding of the bedrock procedural elements of the adjudicatory process." **Id.** at 813. **Washington** held that **Alleyne** did not apply retroactively because it was neither substantive nor a groundbreaking watershed rule. **Id.** at 818-20.

Based on **Washington**, the **Gill** court concluded that **Chichkin** did not apply retroactively to the petitioner's PCRA petition:

> We agree with the PCRA court's rationale and find no error in its determination that the **Chichkin** holding is procedural in nature and does not apply retroactively to Gill's collateral PCRA petition. It does not decriminalize any type of conduct or prohibit punishment against a particular class of persons, as it impacts only how the DUI offense is graded . . . Given the broad discretion afforded to the trial court at sentencing and its obligation to consider the defendant's relevant circumstances and background, including whether he participated in an ARD program for DUI, **Chichkin** does not represent a watershed procedural rule akin to the right to counsel set forth in [**Gideon v. Wainwright**, 372 U.S. 335 (1963)]. Accordingly, Gill is not entitled to relief on his claim.

**Gill**, 2021 WL at 3629331, *3.

Like the petitioner in *Gill*, Appellee was sentenced as a second-time DUI offender prior to this Court's decision in *Chichkin*. Further, like the petitioner in *Gill*, Appellee did not raise *Chichkin* on direct appeal. Instead, he filed a PCRA petition requesting a new sentencing hearing as a first-time DUI offender on the basis of *Chichkin*. *Gill* held, however, that *Chichkin* does not apply to cases on collateral review, and as a precedential opinion, *Gill* controls the disposition of this case.

*Gill* requires us to hold that the PCRA court erred by granting Appellee's PCRA petition seeking resentencing as a first-time DUI offender. We reverse the order granting PCRA relief and remand this case for reinstatement of Appellee's judgment of sentence dated June 17, 2019.

Order reversed. Case remanded for reinstatement of judgment of sentence dated June 17, 2019. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/09/2021