J-A10028-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| ROBERT WASHINGTON | : | |
| Appellant | : | No. 1329 EDA 2022 |

Appeal from the PCRA Order Entered April 22, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-200121-2004

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| ROBERT WASHINGTON | : | |
| Appellant | : | No. 1330 EDA 2022 |

Appeal from the PCRA Order Entered April 22, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-200131-2004

BEFORE: PANELLA, P.J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KING, J.: **FILED JULY 24, 2023**

Appellant, Robert Washington, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which dismissed as untimely his serial petition filed under the Post Conviction Relief Act ("PCRA").[1] We

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

affirm.

The relevant facts and procedural history of this case are as follows. On October 12, 2004, Appellant entered a negotiated guilty plea at two different docket numbers, to third-degree murder, robbery, robbery of a motor vehicle, aggravated assault, and conspiracy. On September 16, 2005, the court sentenced Appellant to an aggregate term of thirteen (13) to twenty-six (26) years' imprisonment. This Court affirmed the judgment of sentence on August 1, 2006, and our Supreme Court denied Appellant's petition for allowance of appeal on January 18, 2007. *See Commonwealth v. Washington*, 909 A.2d 889 (Pa.Super. 2006), *appeal denied*, 591 Pa. 701, 918 A.2d 745 (2007).

On October 30, 2007, Appellant timely filed his first *pro se* PCRA petition. The court appointed counsel, who filed a "no-merit" letter on August 26, 2008. The court issued Pa.R.Crim.P. 907 notice on September 4, 2008. On October 8, 2008, the court dismissed the petition. Although Appellant filed a notice of appeal, this Court dismissed the appeal for failure to file a brief on February 5, 2009. Thereafter, Appellant filed several more unsuccessful PCRA petitions.

Appellant filed the current *pro se* petition for writ of *habeas corpus* on January 16, 2020. In the petition, Appellant claimed to have recently discovered "that he was arrested, charged, tried, and convicted … without there ever being an arrest warrant." (*See* Brief in Support of Petition, filed 1/16/20, at 9). Appellant purportedly made this discovery by researching

- 2 -

"clerk of courts records[,] clerk of quarter sessions [files,] and Right to Know Law requests[.]" (*Id.*) Absent an arrest warrant, Appellant concluded that the charges should have been dismissed "due to lack of subject matter jurisdiction."[2] (*Id.* at 10). Moreover, Appellant baldly asserted that the Commonwealth committed misconduct because "the prosecutor … knew there was no … affidavit of probable cause for issuance for an arrest warrant … and deliberately proceeded with an illegal prosecution." (*Id.* at 12).

The court reviewed the petition and deemed Appellant's issues to be cognizable under the PCRA. (*See* PCRA Court Opinion, filed 4/22/22, at 2) (citing *Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa.Super. 2013)). On February 18, 2022, the court issued Rule 907 notice. Appellant did not file a response. The court dismissed Appellant's petition as untimely on April 22, 2022. On May 9, 2022, Appellant timely filed separate *pro se* notices of appeal at each underlying docket number, which this Court later consolidated *sua sponte*. The court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Appellant did not file one.

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Ziegler*, 148 A.3d 849 (Pa.Super. 2016). A

---

[2] "This Court has previously held that a claim of lack of subject matter jurisdiction does not qualify as one of the statutory exceptions to the PCRA's jurisdictional time bar." *Commonwealth v. Larkin*, 235 A.3d 350, 356 (Pa.Super. 2020) (*en banc*), *appeal denied*, ____ Pa. ___, 251 A.3d 350 (2020).

PCRA petition shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow for very limited circumstances under which the late filing of a petition will be excused; a petitioner asserting a timeliness exception must also file the petition within the required statutory window. 42 Pa.C.S.A. § 9545(b)(1)-(2).

Instantly, Appellant's judgment of sentence became final on or about April 18, 2007, ninety (90) days after our Supreme Court denied Appellant's petition for allowance of appeal. *See* U.S.Sup.Ct.R. 13 (stating appellant must file petition for writ of *certiorari* with United States Supreme Court within ninety (90) days after entry of judgment by state court of last resort). Appellant filed the current petition on January 16, 2020, which is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Significantly, Appellant failed to plead or prove any exception to the PCRA timeliness requirements.[3] Therefore, the petition remains time barred. Accordingly, we affirm.

_____

[3] For the first time on appeal, Appellant attempts to invoke the "newly discovered facts" timeliness exception set forth in Section 9545(b)(1)(ii). Appellant baldly asserts that his issues "could not have been ascertained by
*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/24/2023

---

the exercise of due diligence given [that Appellant]: 1) was not fully aware of his legal rights … 2) [Appellant] was represented by trial counsel … who was ineffective … and 3) Appellant was … represented by PCRA counsel … who was ineffective[.]" (Appellant's Brief at 8). Appellant did not raise this argument in his PCRA petition, and it is waived on this basis. **See Larkin, supra** at 356 (explaining, "Asserted exceptions to the time restrictions for a PCRA petition must be included in the petition, and may not be raised for the first time on appeal"). Even if Appellant had not waived this argument, the cursory assertions in his brief fail to demonstrate the existence of new facts that could not have been discovered through the exercise of due diligence. **See Commonwealth v. Diggs**, 220 A.3d 1112, 1117 (Pa.Super. 2019) (reiterating due diligence demands that petitioner take reasonable steps to protect his own interests and explain why he could not have learned of new facts earlier through exercise of due diligence).